THE BOARD OF TRUSTEES OF THE ILLINOIS AND MICHIGAN CANAL, appellants, *v.* DANIEL LYNCH, appellee.

*Appeal from Cook County Court.*

L. entered into a contract with the Canal Trustees to perform certain work, which contract contained a stipulation that the chief engineer should determine the amount of the several kinds of work contracted to be done, and decide any question which could or might arise relating to the execution of the contract by L., and that his estimate and decision should be final and conclusive. The contract having been afterwards relinquished by mutual consent, and payment made to L. according to the estimates of the engineer, L. then brought his action to recover additional payment on the ground that there was an error in the estimates, and an understanding between the parties at the time the contract was relinquished and settlement made, that the work should be subsequently re-measured, and payment made for any excess which might be ascertained: *Held,* that the Court which tried the case should have set aside the verdict found by the jury for L. because he wholly failed to prove such agreement for a re-measurement of the work. *Held,* further, that it was not competent for L. in this action to show a mistake in the estimates of the engineer, without first showing an agreement at the time of settlement to re-measure the work and rectify mistakes.

In an action for work brought on a contract containing a stipulation like that above mentioned, neither party can impeach the estimate of the person by whose decision they have agreed to be governed, except for fraud, or offer other evidence of the amount of work done; but in case of an unreasonable refusal to cause the work to be estimated by the person agreed upon, the contractor can resort to other evidence.

ASSUMPSIT, in the Cook County Court, brought by the appellee against the appellants for work done upon the Illinois and Michigan Canal, heard before the Hon. Hugh T. Dickey. and a jury at the October term 1848. The jury found a verdict for the appellee for $1014·96. The appellant moved for a new trial, which motion was overruled and a bill of exceptions taken. The evidence, so far as it relates to the questions decided, is stated in the Opinion of the Court.

*N. H. Purple,* for the appellants.

*I. N. Arnold,* for the appellee.

*E. W. Tracy,* concluded for the appellants.

The abstracts of their arguments furnished by counsel, relate chiefly to the sufficiency of the evidence to sustain the verdict. The authorities quoted by them, on the questions of law presented, are referred to in the Opinion of the Court.

The Opinion of the Court was delivered by

TRUMBULL, J. This was an action of *assumpsit* brought by Lynch, a contractor on the Illinois and Michigan Canal, to recover for work done upon sections twenty one and twenty two of said Canal. The declaration contains the common counts for work and labor, materials furnished, and the money counts. Plea *non-assumpsit*. Jury trial, and verdict of one thousand and sixteen dollars and seventy six cents for plaintiff below. The defendants entered a motion for a new trial, and excepted to the decision of the Court overruling the same, whereupon judgment was entered for the amount of the verdict. All the evidence in the cause is brought before us by bill of exceptions, and the errors assigned question the correctness of the decisions of the Court in admitting certain evidence, in overruling the motion for a new trial, and in giving and refusing instructions.

The evidence shows, that all the work done by Lynch was performed under a contract containing the following stipulation. "It is mutually agreed, that the said works during their progress, shall be subject to the examination and inspection of the Board of Trustees or their agents, and to prevent all disputes or misunderstandings, it is mutually agreed that the chief engineer shall determine the amount or quantity of the several kinds of work herein contracted to be done, and decide every question which can or may arise relating to the execution of this contract on the part of the said contractor, and his estimate shall be final and conclusive," and also further stipulations, that payments should be made from time to time during the progress of the work at intervals of not exceeding three months, which payments should not be less than seventy per cent. of the amount certified by the chief engineer to be then due, and that whenever the

contract in the opinion of the chief engineer should be completely performed, he should certify the same together with his estimate, and the Board of Trustees should, within sixty days after notice thereof, pay the amount due according to the contract. It will be unnecessary to refer to other provisions of the contract in the decision of this cause.

Prior to the commencement of the suit by Lynch, the contracts for the work had been relinquished by mutual consent, and Lynch had been paid in full for his work including the retained per-centage according to the estimates of the Chief Engineer, but he sought to recover in this action upon the ground, that there were mistakes in the estimates of the work, and that there was a mutual understanding between the parties at the time of the abandonment of the contracts, that the work was subsequently to be re-measured, and payment to be made for any excess of work that should be ascertained upon such re-measurement.

To sustain his action, the plaintiff first called as a witness William Gooding, who was chief engineer upon the Canal during the time plaintiff was engaged upon it, and who testified, in substance, that all the work performed by Lynch was done under certain contracts, which are set out at length in the record, and have been before referred to; that the work was relinquished by Lynch, with the consent of the chief engineer, with the understanding that Lynch was to be paid the retained per-centage, according to the estimates of the work previously made; that Lynch complained at the time that his work had not been correctly estimated, and was informed by witness that it could not then be more accurately measured, for the reason that a great part of it was covered with water, but if Lynch chose to defer the settlement for a short time till the water could be drawn off, witness would have the work re-measured, and Lynch would then be paid for every yard he had done; but that if a settlement was then made and the retained per-centage paid, it must be final; that Lynch concluded to settle upon the estimates made, and the settlement was considered final by the wit-

ness; that some time afterwards, upon application of Lynch, witness directed Mr. Lake, an assistant engineer, to re-measure the work to satisfy both himself and Lynch that justice had been done him, and to see what amount of work there was to be done by the Trustees; and that he did not tell Lynch that if, upon such re-measurement, his work should be found under-estimated, he should be paid. Robert Stuart, secretary of the Board of Trustees, was next called as a witness by Lynch, and testified that, as acting treasurer, he paid Lynch upon the estimates of the chief engineer; that Lynch settled at his own request, saying that he would receive the money on the estimates made and risk it; that he, Stuart, paid him the money including the retained per-centage, which he would not and could not have done within the scope of his authority, except upon a final settlement.

The only evidence in the least conflicting with that of Gooding and Stuart, is that of Russell E. Heacock, who had formerly been an engineer upon the Canal, and who stated that he was present sometime after the contracts had been abandoned, when Gooding wrote a letter to Lake, the resident engineer upon sections twenty one and twenty two, directing him to re-measure the work; that Gooding stated, "that at the time the work was measured, it was under water, and there might have been a mistake. He thought it was over-estimated. Lynch asked a re-measurement, and said that he had told Mr. Gooding at the time the contracts were relinquished, that he wanted a re-measurement, and that Mr. Gooding agreed it should be;" that the result of the conversation was, that Mr. Gooding would direct Mr. Lake to make a new measurement; that Gooding afterwards wrote to Lake to make a re-measurement, and gave the letter to Lynch; that Gooding thought the re-measurement would show Lynch over-estimated. Lynch thought otherwise, and for the purpose of ascertaining or settling the matter, as witness understood, the re-measurement was ordered.

The foregoing is substantially all the testimony offered by

Canal Trustees *v.* Lynch.

the plaintiff in the Cook County Court to show that there was an agreement for a re-measurement of the work, at the time the contracts were abandoned. This agreement lies at the foundation of the action; for unless there was such an agreement, it is admitted on all sides that the parties were concluded by the settlement made and the paying over and receiving the retained per-centage. It would not be competent for the plaintiff to show in this action a mistake by the chief engineer in his estimate of the quantity of work done, without first showing that at the time of the settlement an agreement for a re-measurement or to rectify mistakes in the former estimates was made. Without adverting to the testimony on the part of the defence, and the explanations subsequently given by Gooding as to the reasons for directing Lake to make a re-measurement of the work, can any man read the evidence offered by the plaintiff himself, without being satisfied at once that he wholly failed to prove that the contracts were abandoned, and the payments made with the understanding that there was to be a re-measurement of the work?

So far from proving such an understanding the plaintiff's two witnesses, one of whom made the settlement, and the other paid over the money, both state, not only that there was not such understanding or agreement, but they go further, and show that such could not have been the understanding for the reason that the final certificates are never made out and the retained per-centage paid, except upon a final settlement.

To show that his own witnesses are mistaken as to the understanding when the contracts were abandoned, the plaintiff introduces in evidence his own statements made at a subsequent time, in which he contended to Gooding that he had promised to have the work re-measured. Gooding at that time neither admits nor denies it, but to satisfy both himself and Lynch, and to ascertain how much work remained to be done, directs a re-measurement, being of opinion, as he says, that the work had been over-estimated. Those circum-

stances as against the positive evidence of Gooding and Stuart, cannot be said to raise even a doubt as to what was the understanding of the parties at the time of settlement.

Suppose the Trustees of the Canal were plaintiffs in this suit, seeking to recover on the ground that the work of Lynch had been over-estimated and he overpaid, which would be a much stronger case than this, because the declarations of Lynch would then be evidence against him, can there be a question that they would fail upon the testimony of the three witnesses, Gooding, Stuart and Heacock? If not, the fact that Lynch is plaintiff with a weaker case, should not be permitted so to vary the rules of evidence as to permit him to recover; and although we feel reluctant to set aside a verdict where a jury have passed upon the facts, and the Judge presiding at the trial has refused to interfere, yet the verdict in this case is so manifestly and palpably contrary to evidence, that the rules of law require it to be set aside.

The view we have taken of the case, renders it unnecessary to examine the mass of conflicting evidence contained in the record relating to the actual amount of work done by Lynch; but as the cause will have to be remanded, and the questions of law growing out of the provisions of the contract herein before referred to may again arise, it will be proper to put a construction upon these provisions.

The contract between the parties, so far as the record shows, was voluntarily and fairly entered into. Neither party is at liberty to disregard it, nor can the Court make for the parties a contract different from that which the parties have made for themselves. By the terms of the contract under which the work was done, the determination of the chief engineer as to the amount or quantity of work done, is made final and conclusive. In an action for work done under the contract, the estimate of the chief engineer furnishes the only evidence of the amount of work done, and neither party is permitted to show such estimate to be erroneous, or to impeach it, except for fraud. If the Board of

Canal Trustees v. Lynch.

Trustees should unreasonably refuse to cause the work to be estimated by their chief engineer, the contractor would then have the right to resort to other evidence to show the amount of work done. *Hotham* v. *East India Co.* 1 T. R. 639. But neither party can resort to such other evidence while the other observes and insists upon the contract. Such we believe to be the law of this case, as made by the parties themselves, and as established by the cases of *Easton* v. *The Pennsylvania and Ohio Canal Co.* 13 Ohio, 79, and *Randel* v. *Ches. and Del. Canal Co.* 1 Harr. 233, where decisions are made upon contracts analogous in principle to those now under consideration.

In this case, therefore, before Lynch can be permitted to prove that the chief engineer's estimate of his work is erroneous, he must first show said estimate to be fraudulent, or that the chief engineer unreasonably refused to make a re-estimate, after an agreement between the parties that his former estimates should not be final, and that a re-measurement should be made.

The judgment of the Cook County Court is reversed and the cause remanded for further proceedings in accordance with this Opinion.

*Judgment reversed.*