Cerny Pickas & Company, Appellee, v. Alexander C. Dallach and Daisy L. Dallach, Appellants.

Gen. No. 32,565.

Opinion filed June 20, 1928. Rehearing denied July 5, 1928.

B. W. Rosenstone, for appellants.

Walter Truc and James S. Wight, for appellee.

Mr. Presiding Justice Holdom delivered the opinion of the court.

The complainant corporation filed its bill in equity against the defendants seeking an accounting and also a mechanic's lien for the amount claimed to be due by complainant under the contract entered into by it with the defendant Alexander C. Dallach, which involved the furnishing of iron, etc., for defendant Dallach's theatre at La Grange, Illinois. The items claimed in the bill totalled $15,000 and were claimed to be due for iron work under the contract, overtime work by agreement $1,500, extra or additional work as per account rendered totalling $3,986.34, and defendants are given a credit payment of $12,000 and a credit memorandum for $340, making a total credit of $12,340, leaving the balance due as claimed by complainant of $8,246.34.

Defendants answered the bill denying every item of complainant's claim. On issues joined the cause was referred to a master who sustained the complainant's contentions and found that there was due from defendants to complainant the sum of $8,796.09 with interest at the statutory rate from March 1, 1925. Objections to the master's report were filed before the master, and were overruled. There were exceptions filed before the chancellor to the master's report, which upon a hearing before the chancellor were all overruled and a decree entered against defendants in favor of complainant for the sum of $9,566.96. From that decree defendants prosecute this appeal.

In this appeal defendants contend and argue for reversal that they are entitled to a deduction from the claim of complainant of the following accounts:

| | |
|---|---:|
| Bonus for prompt delivery | $1,500.00 |
| Allowance for paint on steel after erection | 800.00 |
| Allowance for metal doors not furnished | 645.00 |
| Allowance for 17,897 pounds of material at 8½c per pound | 1,521.25 |
| Allowance for overcharge of 6,545 pounds of steel at 3c | 196.35 |
| Extras not authorized or ordered by Dallach | 1,021.94 |

The total of the foregoing items is $5,684.54 and they request that this court reverse the decree and modify it by allowing the credit claimed of $5,684.54. None of the rulings of the master or the court on the remainder of the account is challenged. We shall therefore confine our review to the correctness or not of the foregoing items in the account.

It appears from the master's report that Alexander C. Dallach acted as his own general contractor; that one Edward M. Kralovee, the treasurer of complainant, was in charge of the work for it, and superintended the fabrication and erection of all of said work, both in the shop of complainant and upon the theatre premises; that William J. Sloan was foreman of complainant in charge of installing the iron and steel work upon the theatre building; that by reason of delays caused by Kline, defendants' structural engineer, in approving shop drawings, delivery by complainant under the contract was delayed; that defendant Alexander C. Dallach volunteered to pay an additional sum of $1,500 provided the steel was on the premises on August 27, 1924, and the master further found that the steel work was completed on

August 25, 1924, but was not delivered immediately because there was not sufficient unloading space upon the theatre premises to make such deliveries, and for that reason defendant, Alexander C. Dallach, waived the actual delivery at that time; that by reason of the excavation having been made "rather early" the setting of the trusses was delayed until the making of a certain support, and that there was no substantial or further delay in setting the steel work; that complainant kept a sufficient force upon the building as conditions would warrant; and further funds that complainant began work on the contract during the week ending August 2, 1924, and finished the same during the week of November 14, 1924, and that the work was all completed on the last-mentioned date, but that the architectural and ornamental iron work and certain extras were not completed on November 14, 1924, but that the contract work and all extras were furnished by January 7, 1925; that by reason of the change of the elevation of the second floor, the fire escape was necessarily raised and that such necessary adjustment was made by complainant; that this adjustment was completed by complainant on January 30, 1925, and that on that date all of the contract work and extras had been completed by complainant.

And the master further found that complainant had substantially complied with and completed the contract and extras in accordance with the plans and specifications; that the testimony shows *inter alia* that neither Rupert, defendants' architect, nor Dallach ever made any complaint about the work or material, and that Dallach was at the building almost every day; and also found that the $12,000 payment made to complainant on November 15, 1924, was the only payment that was made after completion; and further found that Kralovee requested Rupert to give a final certificate; that Rupert refused to issue a final certificate without the defendant Alexander C. Dallach's con-

sent, and that such consent not being forthcoming no certificate was issued; further found from the evidence that defendant Alexander C. Dallach had arranged with the architect not to issue any certificate or certificates, but to pay out money as authorized by him.

The master also found that the contention of Dallach that the $1,500 additional was not earned because deliveries were not promptly made by complainant, was not well taken; and further found that complaint was not warranted on the facts, and that deliveries were promptly made so far as consistent with conditions created by defendant Alexander C. Dallach or his agents; that as to defendants' contention that the steel was not painted after erection, it was not well taken, but on the contrary found that the preponderance of the evidence showed that in the interest of time saving and for the purpose of expedition, it was agreed that certain structural steel was to be painted twice in the shop, thereby eliminating the painting after erection; and further found that in that connection there was no evidence that defendant Alexander C. Dallach had the steel in question painted since erection, but on the contrary the evidence showed that Dallach used the same ever since its erection as prepared and furnished by complainant.

And the master further found that defendant Alexander C. Dallach voiced his appreciation of the work done and deliveries made by complainant by a certain letter, the terms of which were not in conformity with his contentions to the contrary, and as to Dallach's testimony that complainant failed to furnish metal doors, found that such contention was not justified from the evidence; and to the last contention of defendants that the extras were not warranted and an overcharge was made for the same, the master found such contention was not justified by the testimony nor the facts, and that all extras were properly ordered either by the defendant Dallach or his duly authorized agent

or agents, and were warranted by the contract, and that the prices charged were the usual, reasonable and customary charges as shown by a preponderance of the testimony.

The master further found that the complainant sustained the material allegations of its bill by a preponderance or greater weight of the evidence, and the master recommended that a decree be entered in the usual form, and that such decree should award to complainant the sum in said report found due, together with interest, and that complainant be given a mechanic's lien upon the premises in question, together with the usual relief incident thereto, etc.

We have diligently examined all the proofs found in the record and we are in accord with the findings and recommendations of the master and concur in the reasons which he has assigned therefor. It is clear from the proofs that the departures from the letter of the written contract were made by agreement between the complainant and the defendant Alexander C. Dallach; and that the failure of complainant to receive the architect's certificates, as provided by the contract, was occasioned by, and as the result of the actions of Alexander C. Dallach and Rupert, the architect, that no such certificates should be issued. Such conduct will not be tolerated by a court of equity as a cloak to deprive complainant of the sums justly due it under the contract.

Counsel for complainant cite authorities under the headings:

"Parties are bound by a construction which they have themselves given to a contract by their conduct."

"The owner is liable in any event for extras furnished with his knowledge and consent."

"A party who does not himself observe the requirement provided in the contract of a formal written order for extra work, waives such requirement."

"The architect's certificate is waived when with-

held by collusion between architect and owner, or if the architect does not fulfill his duty in issuing it."

Defendants in their reply brief refer to complainant's brief in which it says: "The appellants have raised in this Court only questions of fact," and they insist that they failed to argue the questions of law, and the authorities cited, and that under the rules of this court such points and authorities not being argued must be treated as waived. Although we do not wish to be understood as disagreeing with the points and authorities cited by complainant, yet as they utterly failed to argue any of them, they must be treated as waived under the rules of practice of this court.

In their main brief defendants cite no authorities regarding the law to support their contentions, but in the reply brief for the first time they cite one authority, which they contend requires that complainant must observe the written contract in its entirety and cannot depart therefrom, and that the procuring of the architect's certificate under the terms of the contract cannot be dispensed with. The case referred to is *Board of Trustees of the Illinois and Michigan Canal v. Lynch,* 10 Ill. 521, and they quote therefrom the following language:

"The contract between the parties, so far as the record shows, was voluntarily and fairly entered into. Neither party is at liberty to disregard it, nor can the Court make for the parties a contract different from that which the parties have made for themselves. By the terms of the contract under which the work was done, the determination of the chief engineer as to the amount or quantity of work done, is made final and conclusive. In an action for work done under the contract, the estimate of the chief engineer furnishes the only evidence of the amount of work done, and neither party is permitted to show such estimate to be erroneous, or to impeach it, except for fraud. If the Board of Trustees should unreasonably refuse to cause the

work to be estimated by their chief engineer, the contractor would then have the right to resort to other evidence to show the amount of work done. *Hotham v. East India Co.* 1 T. R. 639. But neither party can resort to such other evidence while the other observes and insists upon the contract.''

The *Lynch* case, *supra,* is really an authority supporting complainant in its inability to furnish the architect's certificate, caused by the demand of defendant Alexander C. Dallach that the architect refrain from issuing it. When defendant Dallach procured the architect not to issue such certificate, both he and the architect were guilty of fraud in so doing, which clearly brings this case within the exception above quoted, where the court said that ''neither party is permitted to show such estimate to be erroneous, or to impeach it, except for fraud. If the Board of Trustees should unreasonably refuse to cause the work to be estimated by their chief engineer, the contractor would then have the right to resort to other evidence to show the amount of work done.'' In this regard defendants did not observe their duty under the contract.

We see no reason to disturb the decree of the circuit court, and it is therefore affirmed.

*Affirmed.*

WILSON and TAYLOR, JJ., concur.