GOLD PLASTERING CO. INC., Respondent, v. 200 EAST END AVENUE CORP., Appellant.— In an action brought to recover damages for an alleged breach of a contract for the lathing and plastering by plaintiff of a building owned by defendant, and for the reasonable value of certain labor and materials furnished prior to the breach of contract, defendant appeals from a judgment in favor

of plaintiff and against defendant, in the sum of $26,673.58, entered upon the verdict of a jury. Appellant contended on this appeal that the verdict was against the weight of the evidence and that the trial court committed errors in certain rulings and in its charge to the jury. It also contended that it was entitled to judgment on the basis of a decision made by an architect to whom appellant had submitted the dispute for determination, purportedly pursuant to the "General Conditions" of the American Institute of Architects, which were incorporated by reference in the contract between the parties. Judgment unanimously affirmed, with costs. In our opinion the evidence was sufficient to sustain the verdict of the jury in respondent's favor. The portion of the charge of which appellant complains was not confusing or improper, but in any event appellant did not except thereto. The rulings on matters of evidence which appellant contends constituted error were, for the most part, proper, but in any event appellant was not prejudiced by any such rulings. Insofar as the trial court excluded from evidence the provisions of the "General Conditions" and ruled that the architect had not been given jurisdiction thereunder to determine whether there had been a breach of contract, appellant may not complain. In our opinion, if the dispute was one which the parties had agreed to submit to the architect for determination, appellant waived and abandoned any right it might otherwise have had to rely on the decision of the architect by its conduct in failing to move to compel arbitration (Civ. Prac. Act, § 1450) or to stay proceedings in this action (Civ. Prac. Act, § 1451), considered together with its interposition of a counterclaim for common-law damages in this action, examination of the plaintiff before trial and its participation in the trial on the merits. (*Matter of Bullard* v. *Grace Co.,* 240 N. Y. 388; *American Reserve Ins. Co.* v. *China Ins. Co.,* 297 N. Y. 322, 326; *Matter of River Brand Rice Mills* v. *Latrobe Brewing Co.,* 305 N. Y. 36, 42; *Matter of Zimmerman* v. *Cohen,* 236 N. Y. 15.) While the architect is not referred to as an "arbitrator" in the "General Conditions", and his decisions are made subject to "arbitration" thereby, it is our opinion that the proceedings before the architect contemplated by article 39 of the "General Conditions" are part of a general scheme for arbitration of disputes, and that such proceedings constitute "arbitration" within the meaning of article 84 of the Civil Practice Act, of which sections 1450 and 1451 are a part. (See *Matter of Fletcher,* 237 N. Y. 440, 446, 451; *Matter of Stern,* 285 N. Y. 239, 242; *Matter of Webster* v. *Van Allen,* 217 App. Div. 219, 221; *Farrell* v. *Levy,* 139 App. Div. 790, 792; *Sweet* v. *Morrison,* 116 N. Y. 19, 27, and *Faber* v. *City of New York,* 222 N. Y. 255, 261.) However, we agree with the trial court that the dispute involved here, as to breach of contract, was not one which the parties had agreed, by incorporation of the "General Conditions", to submit to the architect for determination. In our opinion, the "claims of the Owner or Contractor", which the architect was authorized to determine under article 39 of the "General Conditions", must be construed in view of other provisions of those conditions to refer only to claims "relating to the execution and progress of the work", and not to claims arising out of alleged breach of contract. (See *Matter of Young* v. *Crescent Development Co.,* 240 N. Y. 244.) Finally, it is also our opinion that in any event a decision of the architect, standing alone, was not intended to be final or to provide a basis for the entry of judgment, except insofar as it might relate to artistic matters. Present — Nolan, P. J., Adel, MacCrate, Schmidt and Beldock, JJ. [See 283 App. Div. 670.]