■ In the Matter of the Arbitration between BOARD OF EDUCATION, UNION FREE SCHOOL DISTRICT No. 7, TOWN OF NORTH HEMPSTEAD, GREAT NECK, Respondent, and HECKLER ELECTRIC COMPANY, INC., Appellant.— In a proceeding to stay an attempted submission by Heckler Electric Company, Inc., electric contractor, of controversies to architects for decision, the contractor appeals from an order of the Supreme Court, Nassau County, dated August 1, 1960, granting the motion. Order modified on the law and the facts by adding a provision to the effect that the stay is without prejudice to any action which the said contractor may be advised to commence to recover on the claims here sought to be submitted for decision or arbitration. As so modified, order affirmed, with costs to petitioner. Findings of fact implicit in the opinion or decision of the Special Term, insofar as such findings may be inconsistent herewith, are reversed, and new findings are made as indicated herein. **The**

attempted submission was for arbitration, albeit by the architects on the construction project in question, and although the contract between the parties also contained provisions for arbitration by arbitrators other than the architects (*Gold Plastering Co.* v. *200 East End Ave. Corp.*, 282 App. Div. 1073, affd. 307 N. Y. 668). Compliance with the requirements of section 3813 of the Education Law concerning presentation of a written verified claim to the governing body of a school district was a prerequisite to the prosecution and maintenance of this arbitration proceeding. The question of whether there has been compliance with such requirements is determinable by the court. A stay should be granted if the requirements of the section have not been met (*Matter of Board of Educ., Union Free School Dist. No. 7 [Heckler Elec. Co.]*, 7 N Y 2d 476). Here, the requirements of the section were not met, in that the contractor's letter attempting to submit the claims in question to the architects for determination did not say (a) that the two claims which had been presented to the petitioner were written and verified, and (b) that said claims had been presented to the petitioner within three months after the accrual of the claims. Moreover, with respect to the claim based on the alleged failure of petitioner to co-ordinate the work of other contractors, which appears to be a claim for breach of contract and not, as stated in the contract, a claim on matters "relating to the execution and progress of the work", that claim is not, under the contract provisions, arbitrable before the architects (*Gold Plastering Co.* v. *200 East End Ave. Corp., supra*). Subdivision (c) of article 45 of the General Conditions in the contract does not require a contrary view. In the light of the reservation to both parties to the contract, in articles 18 and 31 of the General Conditions, of such claim as they may have, one against the other, because of any delay, or wrongful act or neglect, the determinations which the architects might make under subdivision (c) of article 45, should be deemed such as are necessary to be made during the course of construction work so as to enable the work to continue expeditiously, and not to affect any party's right subsequently to enforce any claim for resultant damages. Beldock, Actng P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.