## (July 19, 1965)

A-1 CAMP CHAIR SERVICE CO., INC., Respondent, v. WILLIAM L. CROW CONSTRUCTION COMPANY, Respondent, and AFRICAN PAVILION, INC., Appellant.— In an action to recover a balance allegedly due and owing to the plaintiff, a subcontractor, for certain work performed by it on premises owned by the defendant, African Pavilion, Inc., at the New York World's Fair, in which the said owner asserted a counterclaim against the plaintiff and a cross claim against the general contractor, the defendant William L. Crow Construction Company, for damages arising from allegedly defective performance of work furnished by them, the said owner appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County, entered December 21, 1964, as: (1) granted the motion of its codefendant, William L. Crow Construction Company, to compel the parties to proceed to arbitration with respect to " all the claims set forth in the pleadings of the respective parties "; and (2) stayed all proceedings in the action pending determination of the arbitration. Order modified as follows: (a) by striking out the provision in its first decretal paragraph which directs the parties to arbitrate all the claims set forth in their respective pleadings; and (b) by substituting therefor a provision that the parties are directed to arbitrate all issues pertaining to alleged defects in the pavilion premises due to faulty materials or workmanship and the resulting damages, if any. As so modified, the order, insofar as appealed from, is affirmed, without costs. The owner's answer to the complaint contained a counterclaim against the plaintiff and a cross claim against Crow, the general contractor, for damages which allegedly resulted from defective and improperly constructed roofs furnished and installed at the pavilion premises by the plaintiff and the general contractor. The plaintiff defaulted in opposing the motion. The agreements between the parties incorporated the provisions of the American Institute of Architects' printed form known as " The General Conditions of the Contract for the Construction of Buildings." In our opinion, article 40 of such " General Conditions" does not provide for arbitration of all disputes between the parties, but provides only the procedure for those disputes which are made arbitrable by some other provision of the contract (*Matter of Dana Realty Corp. [Consolidated Elec. Constr. Co.]*, 21 A D 2d 769). Article 20 of the " General Conditions," however, provides that the contractor shall remedy any defects due to faulty material or workmanship and pay for any damage resulting therefrom. It provides further that all questions arising under the contract shall be decided by the architects subject to arbitration. In our opinion, under the contracts between the parties, the initial proceeding before the architects, in and of itself, constitutes arbitration and is a part of the general scheme of arbitration of disputes (*Gold Plastering Co. v. 200 East End Ave. Corp.*, 282 App. Div. 1073, affd. 307 N. Y. 668; *Matter of Board of Educ. [Heckler Elec. Co.]*, 12 A D 2d 938). In the instant case, the

general contractor has done no act which would constitute a waiver of his clear right to the arbitration of all questions with respect to allegedly defective materials, workmanship and damages resulting therefrom, in accordance with articles 20, 39 and 40 of the " General Conditions." The pleadings, however, raise other questions (not having to do with defective materials and workmanship) which are not arbitrable under the agreements. No one is under a duty to arbitrate unless by clear language he has agreed to do so. In our opinion, it was improper for the Special Term to direct the parties to arbitrate all claims set forth in the pleadings. Nevertheless, since it is possible that the determination in the arbitration proceeding will dispose of all the real issues between the parties, we do not disturb that part of the order which stayed all proceedings in the action pending the determination of the arbitration. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.