ALLIED CONTRACTING COMPANY OF ILLINOIS, Plaintiff-Appellee, *v.* HAROLD T. BENNETT *et al.*, Defendants-Appellants.

Fourth District   No. 4—82—0534

Opinion filed November 15, 1982.

Edward G. Coleman, of Springfield, for appellants.

Fred C. Prillaman and Roger W. Holmes, both of Mohan, Alewelt & Prillaman, of Springfield, for appellee.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

We are concerned here with a construction contract purporting to make all questions "relative to the execution of the work" to be performed by the contractor under the contract, subject to the "final and conclusive" decision of the project engineer hired by the owner. The legal question to be decided is whether those provisions make such questions subject to arbitration under the terms of the Uniform Arbitration Act (Ill. Rev. Stat. 1981, ch. 10, par. 101 *et seq.*). We conclude that they do not and affirm the order of the circuit court of Sangamon County refusing to require arbitration in this case.

On September 25, 1981, plaintiff, Allied Contracting Company of Illinois, a construction contractor, filed suit in the circuit court of Sangamon County seeking recovery against Work, Inc., and other defendants, for monies due under a contract for improvements made to premises owned by Work, Inc. The other defendants had guaranteed the payments from time to time owed plaintiff by Work, Inc., under the contract as amended. On August 3, 1982, the trial court entered an order denying defendant's amended motion to stay further proceedings and submit certain issues to arbitration pursuant to section 2(d) of the Uniform Arbitration Act which states:

> "Any action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration or an application therefor has been made under this Section or, if the issue is severable, the stay may be with respect thereto only. When the application is made in such action or proceeding, the order for arbitration shall include such stay." Ill. Rev. Stat. 1981, ch. 10, par. 102(d).

Defendants' appeal is taken from the order of denial. For purposes of appeal, a denial of a stay by a trial court is treated as a denial or a request for a preliminary injunction. (*Cahokia Sportservice, Inc. v. Illinois Liquor Control Com.* (1975), 32 Ill. App. 3d 801, 336 N.E.2d 276.) We have jurisdiction pursuant to Supreme Court Rule 307 (87 Ill. 2d R. 307), which makes denials of requests for preliminary injunctions appealable as a matter of right.

The major allegations of plaintiff's complaint were: (1) under the original contract, plaintiff agreed to clear, grade, and construct

streets, curbs, sewers and other facilities for the development of the Walnut Valley Subdivision in Springfield owned by Work, Inc.; (2) by March 21, 1978, Work, Inc., was indebted to plaintiff in the sum of $338,077.93 for work performed; (3) on March 31, 1978, plaintiff and Work, Inc., executed an amendment to the contract which established the amount of the existing indebtedness as aforesaid, and provided the method by which the arrearage would be paid by Work, Inc.; (4) on March 31, 1978, in consideration of plaintiff's agreement to continue performance under the contract, the other defendants executed and delivered to plaintiff their written guarantee of Work, Inc.'s agreement to make the payments required of it under the contract as amended; and (5) the sum of $111,427.14 plus service charges at the rate of 1½% per month after August 31, 1981, was due under the terms of the contract as amended. Copies of the original contract and the amendment were attached to the complaint and incorporated therein by reference.

Defendants maintain section 5 of the original contract remained in force after the amendment and provided for disputes such as those at issue in the case to be submitted to arbitration under the Uniform Arbitration Act. We consider paragraph 4 of the contract to be pertinent to interpretation of paragraph 5. Those two paragraphs stated:

"4. It is further covenanted and agreed that the work shall be executed under the direction and supervision of the Engineers of the Owners and their properly authorized agents, and on whose inspection and approval all work shall be accepted or condemned. The said Engineers shall have full power to reject or condemn any materials furnished or work performed under this contract, which in their opinion does not conform to its spirit and to the terms and conditions expressed in the Contract Documents.

5. To prevent disputes and litigation, it is further agreed, by and between the Owner and Contract that the Engineers shall determine all questions in relation to the work and the construction thereof, and they shall in all cases decide all questions which may arise relative to the execution of the work under this contract on the part of the Contractor, and their decision shall be final and conclusive; and such decision, in case any questions may arise, shall be a condition precedent to the right of the Contractor to receive any money or compensation for anything done or furnished under this contract."

The trial court first ruled that paragraph 5 provided for arbitration, entered the stay and ordered arbitration. It then reconsidered its

order and concluded that the amendment to the contract nullified the "arbitration clause." The court then set aside its previous order, denying defendants the relief they requested. Defendants dispute the trial court's conclusion that the "arbitration clause" had been nullified and cite paragraph 4 of the amendment, which states:

> "4. All terms and provisions of the contract remain in full force and effect, and Contractor does not waive any rights thereunder relative to payment, enforcement of remedies, or otherwise."

However, the amendment to the contract stated that the sum then due by Work, Inc., to plaintiff, was the sum of $338,077.93. It is not clear from the amendment whether that determination resolved all disputes as to the sufficiency of the work performed up to that time. Parties cannot be required to arbitrate issues unless the agreement between them clearly so provides. (*Flood v. Country Mutual Insurance Co.* (1968), 41 Ill. 2d 91, 242 N.E.2d 149.) Even if paragraph 5 provides for arbitration, the contract as amended does not make clear whether disputes concerning work performed before the amendment would be subject to determination under paragraph 5. Furthermore, it cannot be ascertained from defendant's amended motion for a stay or its affidavits in support thereof, whether the majority of the disputes alleged there involve work performed before the amendment.

In any event, we affirm the order because we do not interpret paragraph 5 to provide for arbitration under the Uniform Arbitration Act.

In *Himmelstein v. Valenti Development Corp.* (1982), 103 Ill. App. 3d 911, 431 N.E.2d 1299, a contract between a builder-developer and the purchaser of a house to be built by the former stated in part:

> " 'Any dispute between Purchaser and Seller with respect to labor and/or material, or whether the residence has been constructed as herein required, shall be determined by the architect preparing plans and specifications and such determination shall be conclusive and binding upon Purchaser and Seller.' "
> (103 Ill. App. 3d 911, 912-13, 431 N.E.2d 1299, 1300.)

The purchasers sued the seller seeking rescission and other relief. They alleged that before conveyance, they observed a crack in the basement wall. A motion to dismiss set forth that the matter was referred to the architect who examined the wall and wrote a letter stating that the builder had performed in a workmanlike manner in repairing any crack, but he could not determine whether the wall would leak until the wet season arrived. The trial court dismissed the complaint. On review the appellate court stated that it agreed with the parties that

the quoted provision of the contract provided for arbitration by the architect. The court concluded that the architect had not sufficiently fulfilled his responsibilities, because the report did not state whether the wall was defective. The appellate court reversed the portion of the judgment dismissing the counts involved and remanded "for obtaining a proper and definitive report from the architect." 103 Ill. App. 3d 911, 915, 431 N.E.2d 1299, 1302.

The *Himmelstein* opinion does not indicate that the architect had held any hearing. Rather, he apparently made an investigation of his own. The appellate court did not remand for a hearing but merely for a better report. Thus, although the opinion speaks of the procedure used as being that of arbitration, the arbitration was not of the type prescribed by the Uniform Arbitration Act.

Other than *Himmelstein*, we are aware of no Illinois case where a provision similar to that in the instant contract in paragraphs 4 and 5 has been held or stated to provide for arbitration. In *A-1 Camp Chair Service Co. v. William L. Crow Construction Co.* (1965), 24 App. Div. 2d 623, 262 N.Y.S.2d 166, 168, *Gold Plastering Co. v. 200 East End Avenue Corp.* (1953), 282 App. Div. 1073, 1074, 126 N.Y.S.2d 838, 839-40, and *In re Mencher* (1948), 274 App. Div. 585, 588, 84 N.Y.S. 2d 718, 721, somewhat similar provisions have been held to provide for arbitration by architects or engineers. In *A-1* and *Gold Plastering*, the word "arbitration" appeared in the clauses, but it did not appear in *Mencher*. In *Paschen Contractors, Inc. v. Calnan Co.* (1973), 13 Ill. App. 3d 485, 300 N.E.2d 795, cited by defendants, a construction contract provided for the architect to make decisions similar to that conferred upon the engineers here and further stated that all matters not determined by the architect were to " 'be submitted to arbitration.' " (13 Ill. App. 3d 485, 489, 300 N.E.2d 795, 798.) A dispute arose as to whether the architect should be charged with $195,000 for fees incurred to correct omissions in drawings by the architect. The appellate court held that because of the architect's conflict of interest, the matter should be dealt with under the general arbitration clause. The court did not state whether the provision setting forth the responsibility of the architect to settle disputes provided for arbitration.

Taken together, the intended effect of paragraphs 4 and 5 of the contract before us is to provide that: (1) the engineer has the power to pass upon the sufficiency of all material and work; (2) the engineer shall also determine all questions which may arise with reference to the execution of the work by the contractor; and (3) if questions concerning the above arise, the engineer's decision shall be a condition precedent to the contractor's right to pay. An authority on the law of

contracts has noted that such provisions in construction contracts are not unusual. (3A Corbin, Contracts secs. 651, 652 (2d reprint 1972).) Professor Corbin has explained that even though the determination of the architect or engineer is to be required, conclusive and final, action of the architect or engineer will not be required or conclusive if the actions of those individuals or their failure to act has been fraudulent, collusive or unreasonable. Illinois decisions have followed the same rule. *Edward Edinger Co. v. Willis* (1931), 260 Ill. App. 106; *Cerny Pickas & Co. v. Dallach* (1928), 249 Ill. App. 424.

Professor Corbin describes how the foregoing arrangement differs from agreements to submit disputes concerning the work performed under a construction contract to arbitration as requested by defendants. He explains: (1) that the arbitrator is not usually a person in the employ of one of the parties; (2) that arbitration proceedings usually involve a somewhat formal hearing with the parties involved having a right to be present and to be heard; and (3) that the arbitrator "is not one who has supervised the performance out of which the dispute arises." 3A Corbin, Contracts sec. 652, at 124 (2d reprint 1972).

██ Here, if paragraph 5 is determined to provide for arbitration: (1) the arbitrator would be the engineer who is under contract to the owner; (2) the arbitrator would have "supervised the performance out of which the dispute arose"; (3) the matter in dispute might be one which the engineer had already passed on pursuant to paragraph 4; and (4) the required hearing would constitute a more complicated procedure than the contract would seem to have contemplated. Neither paragraph 5, nor that paragraph combined with paragraph 4, indicate that arbitration was contemplated. The trial court properly denied the stay and refused to order arbitration.

Plaintiff has requested it be given leave to file an amended complaint, alleging that the engineer has improperly withheld approval of the work and requesting a determination it is entitled to payment. That is a question to be decided by the trial court on remand. We need not discuss any other matter raised. The interlocutory order appealed is affirmed. The case is remanded to the circuit court of Sangamon County for further proceedings.

Affirmed and remanded.

WEBBER and LEWIS, JJ., concur.