In re Edward Nicholas DENN, Debtor.

Edward N. DENN, Plaintiff,

v.

Thomas AARESTAD, Hennepin County and Catherine Hare, Defendants.

Bankruptcy No. 4–83–34.

Adv. No. 4–83–329.

United States Bankruptcy Court, D. Minnesota.

Dec. 8, 1983.

William I. Kampf, Kampf, Orey, Landsman & Seesel, St. Paul, Minn., for plaintiff.

Thomas L. Aarestad, Asst. Hennepin County Atty., Minneapolis, Minn., for defendants.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

ROBERT J. KRESSEL, Bankruptcy Judge.

A hearing was held on November 9, 1983 on the plaintiff's motion for summary judgment. William I. Kampf of Kampf, Orey, Landsman & Seesel appeared for the plaintiff/debtor. Thomas L. Aarestad appeared pro se and for defendants Catherine Hare and Hennepin County.

The plaintiff herein seeks, through his complaint, turnover of property to the estate, specifically $750.00 of post-petition wages garnished from the paycheck of the plaintiff by the defendants, an injunction barring further acts by the defendants to gain such post-petition wages, and determination of liability on the part of the defendants for their acts.

The court, after hearing the arguments of counsel and reviewing the writings contained in the file, finds the following:

1. The relevant facts are not in dispute. The plaintiff and defendant Catherine Hare were parties to a marriage dissolution decree entered in state court on January 18, 1977. The plaintiff was obligated, pursuant to the decree, to pay child support to the defendant until each child of the couple either graduated from high school or became self-supporting, or reached age 20, whichever first occurred.

2. The plaintiff fell behind in meeting his support obligation established by the decree. In late 1982, Hennepin County

brought an action in the state courts to establish a mandatory income withholding program on the wages of the plaintiff. An order effectuating the withholding program was entered by a referee of the Family Court Division of the Hennepin County District Court on December 2, 1982.

3. The plaintiff filed for Chapter 13 relief on January 12, 1983. The defendant continued to implement the withholding program and collected $750.00 post-petition through that program, despite notice of the bankruptcy petition and concomitant automatic stay.

4. The debtor filed an amended plan on March 8, 1983 and an order approving the plan was entered on March 24, 1983.

5. The defendant relies on Minn.Stat. 518.611 which establishes the power to withhold wages of delinquent child support obligors, and 11 U.S.C. Section 1327(b) which states:

"Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor."

Further reliance is made upon 11 U.S.C. Section 362(b)(2) which declares that the automatic stay does not stay actions to collect alimony, maintenance, or support from property which is not property of the estate.

6. The plaintiff relies on 11 U.S.C. Section 1306(a)(2) which makes earnings from post-petition services property of the estate, thereby rendering ineffectual Section 362(b)(2) which lifts the stay only as to non-estate property.

## DISCUSSION

██ Section 362(b)(2) of the Code provides:

"The filing of a petition under section 301, 302, or 303 of this title, . . . , does not operate as a stay—
(2) under subsection (a) of this section, of the collection of alimony, maintenance, or support from property that is not property of the estate; . . ."

It is thus clear, at least in a Chapter 7 case, that an obligee ex-spouse may collect alimo-

ny, maintenance, or support arrearages from property that is not property of the debtor ex-spouse's estate.

██ As the debtor herein filed for Chapter 13 protection, Section 1306 of the Code is the governing section for determination of what constitutes property of the debtor's estate. Subsection (a)(2) of Section 1306 provides:

"(a) Property of the estate includes, in addition to the property specified in section 541 of this title—. . .
(2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under Chapter 7 or 11 of this title, whichever occurs first."

Thus, at least until the strictures of Section 1327 come into play, post-petition earnings constitute part of the Chapter 13 debtor's estate and are protected by the automatic stay provisions of Section 362(a) of the Code. The exception under Section 362(b)(2) is therefore not available in a Chapter 13 case, at least until confirmation of the debtor's plan under Section 1325.

Section 1327(b) is relied upon by the defendants here. This section states:

"(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor."

This section removes, upon confirmation of the plan, property from the estate and revests that property in the debtor, thus reversing the transfer effectuated by the filing of the bankruptcy petition. Arguably then, under this section, confirmation brings the Section 362(b)(2) exception to the automatic stay into effect and would allow the defendants here to collect the arrearages from the debtor's post-petition wages.

This question need not be decided in this case, however. As noted above, Section 1327(b) states that the confirmation vests the property of the estate in the debtor *unless* the plan or order confirming the plan otherwise provides.

██ Here, the confirmed plan does so otherwise provide—Paragraph 3 of the plan states:

"... Debtor submits all future earnings or other future income to such supervision and control of the trustee as is necessary for the execution of the Amended Plan. Property of the estate shall vest in the Debtor upon dismissal, conversion or discharge under 11 U.S.C. 1307 or 1328 except as the Court for cause may order otherwise while the case is pending."

These sentences make clear the debtor's intention to keep the property of the estate in the estate, until one of the events enumerated occurs. None of those events have yet occurred in this case. Therefore, Section 1327(b) does not revest the property of the estate in the debtor in this case, and the post-petition wages of the debtor are protected from the defendants' actions by the stay provided in Section 362(a). The defendants' actions in this case in instituting a garnishment program and collecting money thereunder are thus in violation of the stay provided by the Code.

This result is consistent with the purposes of Chapter 13—to afford the debtor relief from his creditors and afford the debtor the opportunity to establish a net earning for himself while dealing collectively with his creditors through the method provided in the plan and under the auspices of the court. It is inappropriate in such a case to allow one creditor to upset the mechanism unilaterally, to the detriment of the debtor and all other creditors, especially where procedures exist under the Code to accomplish the end sought by the defendants here.

The rights of obligee spouses will be protected under the Code. Congress, in writing the Code, and the courts, in interpreting it, have given great deference to those owed alimony, maintenance, and support by bankrupt debtors. See e.g., Section 362(b)(2), Section 523(a)(5), and Section 1328(a)(2) which except these marital debts from discharge. Such are the only debts specifically barred from discharge in a Chapter 13 case.

Those rights are protected under the Code through various mechanisms such as objection to the plan or by a motion seeking relief from the stay, opportunities to do each having been afforded the defendants and, as to the latter, are still available.

I am not unsympathetic to the claims and needs of the defendants. Collection of past-due child support payments is a nationwide problem. However, here the plan, a copy of which was sent to defendant Hare, clearly vested post-petition wages in the debtor's estate. The defendants received notice of the bankruptcy petition and related automatic stay but proceeded to act in violation thereof rather than to seek relief in this court.

### ORDER

THEREFORE, IT IS HEREBY ORDERED that the plaintiff's motion for summary judgment be hereby granted.

The defendants are hereby ordered to turn over to the estate $750.00, or such amount withheld post-petition from the wages of the debtor.

The defendants are further ordered to cease and desist from any future actions to remove monies or property from this estate until and unless this court shall enter an order allowing such action.