*In re* MARRIAGE OF KAREN E. LUECK, Plaintiff-Appellee, and LAWRENCE E. LUECK, Defendant-Appellant.

Second District   No. 85—0461

Opinion filed February 5, 1986.

Janet L. Watson and Edith J. Brown, both of Watson & Brown, of Wheaton, for appellant.

No brief filed for appellee.

JUSTICE SCHNAKE delivered the opinion of the court:

The only question on appeal is whether the trial court erred in failing to stay a jail sentence for contempt based upon defendant's nonpayment of child support after he had filed a chapter 13 bankruptcy petition. While no appellee's brief has been filed on this appeal,

we reach the merits in this case since the record is simple and the claimed errors easily resolvable. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133.

A judgment of dissolution of marriage between plaintiff, Karen L. Lueck, and defendant, Lawrence E. Lueck, was entered in the circuit court of Du Page County on December 10, 1984. This judgment included a child support order requiring defendant to pay $65 per week to the clerk of the circuit court. On April 10, 1985, defendant was ordered to appear before the court and show cause why he should not be held in contempt for failing to pay child support in the amount of $870.17. At the hearing held May 8, 1985, defendant was held in contempt of court for failing to pay $1,130.21 in child support and sentenced to 30 days in jail, unless the contempt be purged. The issuance of a mittimus by the clerk was stayed to June 12, 1985, to allow for payment of the child support arrearage by defendant, and, thus, the purging of the contempt.

On May 28, 1985, defendant filed a voluntary chapter 13 petition in bankruptcy with a plan that provided for 100% payment of the child support arrearage. On June 4, 1985, defendant presented a motion to the court below requesting a stay of all proceedings including the jail sentence until the dismissal or completion of his bankruptcy petition. Plaintiff was present in court and agreed to the requested stay. The trial court, however, after hearing arguments of counsel, denied defendant's motion *sua sponte* and this appeal followed.

Section 362(a) of the Bankruptcy Act (11 U.S.C. sec. 362 (Supp. III 1979)), provides that the filing of a petition under chapter 13 of the Act operates as a stay of:

"(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate; ***."

Exceptions to the automatic stay are set out in section 362(b), which includes:

"(2) *** the collection of alimony, maintenance, or support from property that is not the property of the estate; ***."

▪▪▪ As a general rule, the commencement or continuation of a judicial proceeding to obtain or enforce a judgment against a debtor who has filed a petition in bankruptcy is a violation of section 362(a). However, in light of a State court's inherent ability to punish litigants for disobeying one of its orders, a "careful balancing *** must take place between the integrity of the state court and its orders and the protection of debtors under 11 U.S.C. sec. 362" when a State court holds a debtor in contempt. (*In re Thayer* (W.D. Wis. 1982), 24 B.R. 491, 493.) Where the contempt is invoked as a sanction for failure to pay a judgment or to compel the expenditure of money from a bankrupt's estate, the proceedings are not exempt from the automatic stay of section 362(a). (*In re Marriage of Lytle* (1982), 105 Ill. App. 3d 1095; *In re Thayer* (W.D. Wis. 1982), 24 B.R. 491; *Guariglia v. Community National Bank & Trust Co.* (E.D. N.Y. 1974), 382 F. Supp. 758, *aff'd* (2d Cir. 1975), 516 F.2d 896.) Where the contempt is invoked to uphold the dignity of the court, the proceeding is exempt from the automatic stay of section 362(a). *David v. Hooker, Ltd.* (9th Cir. 1977), 560 F.2d 412; *In re Dumas* (Bankr. 9th Cir. 1982), 19 B.R. 676.

▪ In the present case the trial court denied defendant's motion to stay the contempt proceedings against him for failure to pay the previously ordered child support. When a party is found in contempt of court for failure to pay money, the contempt order is coercive in nature. The court can seek only to secure obedience to its prior order and the contemnor must be provided with the "keys to his cell." (*In re Marriage of Logston* (1984), 103 Ill. 2d 266, 289.) Imprisonment for a definite period of time as punishment for failure to obey the court's prior order would be improper. (103 Ill. 2d 266, 289.) Notwithstanding the trial judge's statements that defendant "was found in contempt because he didn't obey a court order, not because he didn't pay" and that he did not "care whether he pays or not," the contempt order was legally a sanction for failure to pay a judgment and to compel the expenditure of money from the bankrupt's estate, and not to uphold the dignity of the court. The court's contempt proceedings, therefore, were not exempt from the automatic stay provisions of section 362(a) and defendant's motion should have been granted.

From the record, it also appears that the trial court believed the automatic stay did not apply to the present case because the court's contempt order was entered before defendant filed his bankruptcy petition. The automatic stay of section 362(a), however, prohibits the "enforcement, against the debtor or against the property of the estate, of a judgment obtained before the commencement of the case

under this title" (11 U.S.C. sec. 362(a)(2) (Supp. III 1979)), or "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" (11 U.S.C. sec. 362(a)(3) (Supp. III 1979)). This language makes clear that a judgment or contempt order is not exempt from the automatic stay merely because it was entered before the contemnor filed his bankruptcy petition. See also In re Thayer (W.D. Wis. 1982), 24 B.R. 491 (attorney and wife held in contempt of bankruptcy court for seeking to enforce State court's prebankruptcy finding of contempt for failure to pay child support).

For clarification, we further address what effect, if any, section 362(b)(2) has on this case. Section 362(b)(2) exempts from the automatic stay proceedings to collect child support from property that is not property of the estate. Section 1306(a)(2) defines property of the estate, for purposes of a chapter 13 bankruptcy, to include earnings from services performed by the debtor after the commencement of the bankruptcy case but before the case is closed or dismissed. Therefore, while section 362 does not bar a proceeding against nonestate property to collect arrearages in child support, by the definition of property of the estate in section 1306(a)(2) there is little or no nonestate property against which to proceed and, therefore, the trial court should have granted defendant's motion to stay the prior contempt order against property of the estate.

For the reasons stated herein, the judgment of the circuit court of Du Page County is reversed and the cause is remanded with directions to enter the requested order of stay.

Reversed and remanded with directions.

HOPF and STROUSE, JJ., concur.