CHICAGO CITY BANK AND TRUST COMPANY, Plaintiff-Appellant, v. DRAKE INTERNATIONAL, INC., *et al.*, Defendants (Lawrence A. Jaffe, Defendant-Appellee).

First District (5th Division)   No. 1—89—2593

Opinion filed March 28, 1991.

Richard M. Franklin, of Baker & McKenzie, of Chicago, for appellant.

Michael H. Davidson, of Robbins, Rubinstein, Salomon & Greenblatt, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Plaintiff, Chicago City Bank & Trust Co., appeals from an order staying a contempt proceeding against defendant, Lawrence A. Jaffe, under the automatic stay provision of the Bankruptcy Code (11 U.S.C. §362(a) (1988)). We consider the following two issues: (1) whether this court has jurisdiction under Supreme Court Rule 307(a)(1) (134 Ill. 2d R. 307(a)(1)) to review an interlocutory order staying the contempt proceeding pending bankruptcy; and (2) whether the contempt proceeding was criminal in nature and exempt from the automatic stay of the Bankruptcy Code. For the following reasons, we reverse and remand.

Plaintiff obtained a judgment against defendant for $427,289.53 and began enforcement proceedings. Defendant was served with a citation to discover assets under section 2—1402 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1402), which prohibited him from transferring or otherwise disposing of assets. The citation also stated that the failure to comply could subject the party to contempt proceedings.

When he eventually submitted to an examination, defendant admitted that after he was served with the citation, he deposited the proceeds of a certificate of deposit in his wife's checking account. From

that deposit of $63,000, he gave $4,500 to each of his three children, $7,500 to his nephew for payment of a loan, $21,500 to the Internal Revenue Service, and the remainder to his attorney.

Plaintiff moved for a rule to show cause why defendant should not be held in contempt of court for violating the terms of the citation when he distributed the proceeds of the certificate of deposit. Before the hearing on plaintiff's motion, defendant filed a petition for bankruptcy under chapter 7 of the Bankruptcy Code (11 U.S.C. §701 *et seq.* (1988)). At the hearing, defendant sought a stay of the contempt proceedings under the automatic stay provision of the Bankruptcy Code (11 U.S.C. §362(a) (1988)). He argued that plaintiff sought a finding of civil contempt, which would be automatically stayed, rather than criminal contempt, which would continue despite the bankruptcy. Plaintiff responded that the proceeding was criminal in nature and, therefore, not stayed.

The record does not contain an order entered on September 1, 1989, which was the day of the hearing.

Plaintiff filed a notice of interlocutory appeal on September 22, 1989, stating it was appealing from an order entered on September 1, 1989, which stayed the contempt proceeding.

On September 29, 1989, the trial judge entered an order stating "the parties before the Court have treated the Rule to Show Cause as being an effort to hold [defendant] in civil contempt and that therefore all further proceedings against [defendant] are stayed under the automatic stay provisions of the Bankruptcy Code." The order was entered *nunc pro tunc* as of September 1, 1989.

OPINION

Initially, this court questioned whether the trial judge's entry of the *nunc pro tunc* order on September 29 was proper when it was entered after plaintiff's notice of appeal was filed and there was no order entered September 1 in the record.

■ A *nunc pro tunc* order can be entered to supply the record with an order which was made previously but omitted from the record. (*Z.R.L. Corp. v. Great Central Insurance Co.* (1990), 201 Ill. App. 3d 843, 559 N.E.2d 259.) However, it cannot be used to correct judicial error, supply omitted judicial action, or give a judgment retroactive effect. *In re Blume* (1990), 197 Ill. App. 3d 552, 554 N.E.2d 1100.

■ In this case, in response to our rule to show cause, plaintiff submitted its copy of an order entered September 1 which was not entered in the court file. The September 29 order is identical to the September 1 order with the addition of entering the order *nunc pro tunc*

as of September 1. Accordingly, the September 29 order was properly entered *nunc pro tunc* to supply the record with the September 1 order which was inadvertently omitted.

■ Next, defendant moved this court to dismiss plaintiff's appeal for lack of jurisdiction under Supreme Court Rule 307(a)(1) (134 Ill. 2d R. 307(a)(1)). Rule 307(a)(1) provides that "[a]n appeal may be taken to the Appellate Court from an interlocutory order of court *** granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction."

■ Defendant argues that the trial judge did not issue a stay but "merely recognized" the stay of the bankruptcy court. This argument is contradicted by the language of the order which specifically stated "all further proceedings against [defendant] are stayed under the automatic stay provisions of the Bankruptcy Code."

Defendant also argues that even if the judge issued a stay, it was not appealable under Rule 307(a)(1). Plaintiff, on the other hand, contends that its appeal was proper because a stay order is the equivalent of injunctive relief.

■ The supreme court has recognized a policy of broadly construing the meaning of the term "injunction" used in Rule 307(a)(1). (*In re a Minor* (1989), 127 Ill. 2d 247, 537 N.E.2d 292.) Whether an order is appealable as an injunction under Rule 307(a)(1) depends on the substance of the action, not the form of the order. *In re a Minor*, 127 Ill. 2d 247, 537 N.E.2d 292.

Defendant relies primarily on *Gorr v. Board of Fire & Police Commissioners* (1984), 129 Ill. App. 3d 327, 472 N.E.2d 587, which was dismissed for lack of jurisdiction under Rule 307(a)(1). In *Gorr*, the appellate court found that an order granting a stay of an administrative agency's decision was not appealable because it was not specifically listed in Rule 307(a)(1). Also, the stay was not the equivalent of an injunction because it could be granted without applying the standards required for an injunction.

■ Generally, however, an order ruling on the request for a stay of the trial court's proceedings has been considered the equivalent of the grant or denial of an injunction and, therefore, appealable under Rule 307(a)(1). *Beard v. Mount Carroll Mutual Fire Insurance Co.* (1990), 203 Ill. App. 3d 724, 561 N.E.2d 116; *People v. Kerr-McGee Chemical Corp.* (1986), 142 Ill. App. 3d 1104, 492 N.E.2d 1003; *J & K Cement Construction, Inc. v. Montalbano Builders, Inc.* (1983), 119 Ill. App. 3d 663, 456 N.E.2d 889; *Allied Contracting Co. v. Bennett* (1982), 110 Ill. App. 3d 310, 442 N.E.2d 326; *Medline Industries, Inc. v. Pascal* (1974), 23 Ill. App. 3d 346, 319 N.E.2d 310.

■ Further, the supreme court has cited with approval an appellate court case reviewing the decision of a trial court to stay its proceedings even though the order used the term "stay" and not "injunction." *Bohn Aluminum & Brass Co. v. Barker* (1973), 55 Ill. 2d 177, 303 N.E.2d 1, citing *Valente v. Maida* (1960), 24 Ill. App. 2d 144, 164 N.E.2d 538 (as stated in *In re a Minor* (1989), 127 Ill. 2d 247, 537 N.E.2d 292).

■ In this case, plaintiff has appealed under Rule 307(a)(1) from an order staying the trial court's proceedings pending defendant's bankruptcy. Although the order states that the parties treated the matter as one for civil contempt, the substance, rather than the form, of the order must be considered. Generally, orders of the trial court staying its own proceedings are considered appealable under Rule 307(a)(1) and, therefore, this court has jurisdiction to consider plaintiff's appeal. Defendant's motion to dismiss this appeal is denied.

■ Lastly, the merits of this appeal concern whether the trial judge properly stayed the contempt proceeding against defendant in response to his filing for bankruptcy. The automatic stay provision of the Bankruptcy Code applies to certain proceedings but exempts "a criminal action or proceeding against the debtor." (11 U.S.C. §362(a), (b)(1) (1988).) The question on appeal is whether the contempt proceeding against defendant was criminal in nature, which would not be stayed with defendant's bankruptcy.

■ ■ Civil contempt is coercive in nature and used to compel future action while criminal contempt is punitive in nature and used to punish past misconduct. (*In re Marriage of Betts* (1990), 200 Ill. App. 3d 26, 558 N.E.2d 404.) The supreme court has found that the sanction contemplated for violating a citation to discover assets is criminal contempt because it is intended to punish the party rather than to compel compliance. (*Bank of Aspen v. Fox Cartage, Inc.* (1989), 126 Ill. 2d 307, 533 N.E.2d 1080.) A criminal contempt proceeding is exempt from the automatic stay provision of the Bankruptcy Code. *In re Marriage of Lueck* (1986), 140 Ill. App. 3d 836, 489 N.E.2d 443.

■ In this case, plaintiff sought a finding of contempt for defendant's alleged violation of the citation to discover assets. Under *Bank of Aspen*, such a proceeding was for criminal contempt and, therefore, not subject to automatic stay when defendant filed for bankruptcy.

Reversed and remanded.

MURRAY and GORDON, JJ., concur.