**In re Alexander SZYSZKO, Debtor.**

**Bankruptcy No. 99 B 02417.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

June 2, 1999.

Thomas D. Laue, Kenneth J. Ottaviano, Ungaretti and Harris, Chicago, IL, for movant.

Jeffrey P. White, Jeffrey P. White & Associates, Chicago, IL, for debtor.

Phillip Martino, Rudnick & Wolf, Chicago, IL, as examiner.

## MEMORANDUM OPINION

JOHN D. SCHWARTZ, Bankruptcy Judge.

The matter presently before the Court is Taisa Szyszko's ("Taisa") Motion for Relief From the Automatic Stay to Fund Trust. Taisa argues that a State Court Order, entered *nunc pro tunc*, is sufficient to create a valid trust and that her husband, Alexander Szyszko ("Debtor"), should be required to fund this trust. The Debtor argues that the *nunc pro tunc* order is not sufficient to create a valid trust and therefore there is nothing to fund. Alternatively, in a second motion, Taisa moves for the annulment of the automatic stay in order to fund the trust.[1] After reviewing the parties' briefs and the relevant case law, both motions will be denied.

### FACTS

The Debtor filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code[2] on January 27, 1999. The facts relevant to the present motions occurred prior to the commencement of the Debtor's Chapter 11 proceeding. The Debtor and Taisa were married in Poland on August 20, 1977. On March 23, 1978, their first child was born. On August 22, 1980, the Debtor left Poland to come to the United States. Taisa and their child remained in Poland. While in the United States the Debtor filed for and was granted a divorce from Taisa in 1986. The Debtor secured this divorce by publication and apparently never served Taisa.

On September 22, 1988, Taisa and the couple's child came to live in the United States. She and the Debtor resumed living as a married couple. From 1990 through 1995 they filed joint income tax returns and otherwise resumed life as husband and wife. In 1990 and 1994 the couple purchased real estate which is held in a land trust of which they are both the beneficiaries. On September 3, 1991, a second child was born to the Debtor and Taisa. In December 1996, Taisa filed a petition for divorce from the Debtor in the Circuit Court of Cook County. In response, the Debtor filed a motion to dismiss based on the 1986 divorce decree. On Taisa's motion, the Circuit Court vacated the 1986 order of divorce.[3]

In the current divorce proceedings the Debtor was ordered to pay all the past due and future household and personal expenses of Taisa and the children and provide Taisa with $1,000 a week as support. Additional financial responsibilities were provided by the state court in its order of December 13, 1996. On October 13, 1998, on a Petition to Show Cause and for Sanctions, the Circuit Court modified the support order to provide that the Debtor pay Taisa $2,000 per month.[4] On January 26, 1999, in a pretrial conference in the Judge's chambers, the Debtor was ordered to deposit a check he had received from the sale of certain business equipment[5] into a trust for the benefit of the Debtor's children.[6] The Judge directed the parties to prepare an order to this effect for his signature. The prepared order set forth that the check, in the amount of $76,744.95,

---

1. This Motion to Annul the Automatic Stay to Fund Trust is intertwined with the Motion for Relief from the Stay so the court will address both in this Memorandum Opinion and Order.

2. 11 U.S.C. § 101–1330.

3. That order is currently on appeal.

4. It should be noted that Taisa failed to comply with certain provisions of the December 13, 1996, state court order. Specifically, she

failed to allow the Debtor the visitation rights provided for by the order.

5. The court has not been provided with information as to whether the funds from the sale of the business assets are properly assets of the Debtor's estate or of the estate of Elexon Ltd., a chapter 7 debtor and business the Debtor owned.

6. The trust was to be established pursuant to 750 ILCS 5/503 as a 503(g) trust to protect and promote the best interests of the children.

was to be used to fund the trust, that David Grund and Jerry Goldberg were to be the trustees of the trust, and that $2000 per month was to be distributed from the trust until such time as the funds were expended or until further order of the court. There was no record made of the conference held in the Judge's chambers.

On January 28, 1999, the order was presented to the Judge for his signature. Because Taisa's counsel had knowledge that the Debtor had filed for bankruptcy protection on January 27, 1999,[7] the Judge entered the order *nunc pro tunc* January 26, 1999, the date of the pretrial conference.

## DISCUSSION

Taisa requests that this court modify the automatic stay to validate the Circuit Court of Cook County's order establishing a § 503(g) trust for the benefit of the Debtor's children.[8] She argues that because the Circuit Court established the trust *nunc pro tunc* or alternatively that the order was orally entered on January 26, 1999, that the funds were not part of the Debtor's estate. In a separate motion she requests that the Court annul the automatic stay so the trust can be funded for the benefit of the children. Taisa argues that because the Debtor has failed to comply with the State Court orders requiring him to pay child support and alimony that this court should annul the automatic stay and require payment of pre-petition child support and alimony. The Debtor contends that because of the intervening bankruptcy the order is not enforceable. He argues that the funds in question became property of the estate when the bankruptcy was filed and Taisa has no right to them over the claims of other creditors.

In her motion to Modify the Automatic Stay to Fund Trust, Taisa argues that the order from the Circuit Court is valid because the Circuit Judge ordered the trust be funded, whether it was the *nunc pro tunc* order or the oral order which predated the written order. Because the written order was entered *nunc pro tunc* to a date prior to the bankruptcy filing, Taisa argues that the prior date is the correct date and the trust was validly established. Alternatively, Taisa relies on the January 26, 1999, oral order. She alleges that the oral order at the pretrial conference was the event which gave rise to the trust, the written order was mere surplusage. Taisa's final attempt to fund the trust is by annulling the automatic stay to provide the funds for the trust.

Contrary to Taisa's allegations, the Debtor argues that the trust was not validly formed because the *nunc pro tunc* order was invalid. It was invalid, he alleges, because there was no record or previous written memorandum which was later incorporated into the order and because a *nunc pro tunc* order cannot be used to retroactively enter an order. He also argues that the oral order cannot be given effect because the intent of the Judge was that a written order be drafted and submitted to effectuate the order.

In Illinois, *nunc pro tunc* orders must relate to definite and precise evi-

**7.** The Debtor faxed copies of his bankruptcy petition to the domestic relations attorneys for Taisa.

**8.** A review of Illinois law regarding § 503(g) trusts leads this court to believe that Taisa may have an additional hurdle not addressed by either party. The order from the Circuit Court orders the parties to establish a trust, it does not establish the trust itself. *See In re Marriage of Hobson,* 220 Ill.App.3d 1006, 163 Ill.Dec. 437, 581 N.E.2d 388 (Ct.App.1991); *In re Marriage of Harsy,* 193 Ill.App.3d 415,

140 Ill.Dec. 344, 549 N.E.2d 995 (1990); *In re Marriage of Pickholtz,* 178 Ill.App.3d 512, 127 Ill.Dec. 657, 533 N.E.2d 529 (1989); *Atkinson v. Atkinson,* 82 Ill.App.3d 617, 37 Ill. Dec. 829, 402 N.E.2d 831 (1980) *affirmed in part, vacated in part on other grounds* 87 Ill.2d 174, 57 Ill.Dec. 567, 429 N.E.2d 465 (1980). Therefore, assuming the validity of the order, a question arises as to whether a 503(g) trust can be established and funded due to the intervening bankruptcy.

dence in the record. *McCloud v. Rodriguez*, 237 Ill.Dec. 614, 710 N.E.2d 37 (1999); *Beck v. Stepp*, 144 Ill.2d 232, 162 Ill.Dec. 10, 579 N.E.2d 824 (1991). The evidence must be assured without relying on the memory of the judge or party and cannot be based upon ex parte communications or testimony. *McCloud*, 237 Ill.Dec. 614, 710 N.E.2d 37, 41–42; *Beck*, 162 Ill. Dec. 10, 579 N.E.2d at 827. It can be entered to supplement the record with an order which was previously made but omitted from the record. *Chicago City Bank & Trust Co. v. Drake Int'l, Inc.*, 211 Ill. App.3d 850, 156 Ill.Dec. 289, 570 N.E.2d 765 (1991). It cannot be used to give a judgment retroactive effect. *Id. citing In re Blume*, 197 Ill.App.3d 552, 144 Ill.Dec. 61, 554 N.E.2d 1100 (1990). At the pretrial conference, which was not part of the official court record, the Judge instructed the parties to draft an order which would provide for the establishment of a trust to be funded with the check in question. Because there was no record, there was no order. Also because the order was entered *nunc pro tunc*, it violated the requirement that an order cannot be given retroactive effect if it does not appear as part of the official record.

All of this does not mean that Taisa cannot recover post-petition child support and alimony claims from the Debtor. It means only that at this time she cannot recover her pre-petition claims from the Debtor or from the assets of the bankruptcy estate until a plan of reorganization is effectuated or the bankruptcy estate's assets are liquidated, and then only to the extent allowed by the Bankruptcy Code.

■ Taisa's second argument is that the oral order at the pretrial conference is a valid order and the trust should be funded. The oral ruling, however, was not made in court nor was a record produced at the pretrial conference. The oral order suffers from the same deficiencies as her prior argument that the *nunc pro tunc* should be effectuated. Moreover, Illinois Supreme Court Rule 272 states, in relevant part:

[i]f at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by the judge or if the circuit court rule requires the prevailing party to submit a draft order, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed.

Il.S.Ct.Rule 272.

The oral order at the pretrial cannot be accepted as a valid final order. It cannot be argued that the oral order is valid because the judge required a draft order to be submitted for his signature. By requiring the parties to provide a draft order the Judge brought the matter under the rubric of Rule 272 and therefore the matter was not an order until it was signed and filed. This begs the question of whether the order could be given retroactive effect by entering it *nunc pro tunc*. As was previously discussed, the order could not be entered *nunc pro tunc*. Therefore, the oral announcement at the pretrial conference did not effectively establish the trust. The motion to modify the stay to fund the trust must be denied.

■ Taisa's final argument is that the automatic stay should be annulled to fund the trust. Annulment is unique because it asks the court to approve post-petition action which violated the automatic stay. *In re Elder–Beerman Stores Corp.*, 195 B.R. 1012 (Bankr.S.D.Ohio 1996). Courts have been hesitant to annul the stay because of the nature of the relief, specifically that it works in a retroactive manner. *Id.* Such relief can only be granted in accordance with equitable principles. *In re Lipuma*, 167 B.R. 522 (Bankr.N.D.Ill.1994). Annulment can only be granted if the creditor did not have knowledge of the applicability of the automatic stay and to allow the automatic stay to apply would unfairly prejudice the creditor. *Id.*

■ In the present case the automatic stay cannot be annulled. The Debtor provided Taisa's attorneys with a copy of his bankruptcy petition the day it was filed with the Clerk of the Bankruptcy Court. Obviously they knew about the automatic stay when the order in question was presented to the Court for signature and filing. It is the reason the order was entered *nunc pro tunc*. Because creditors of the Debtor could be injured by the requested annulment to fund the trust, and it is the provisions of the Bankruptcy Code that must govern who is to receive the benefit of the funds, the question of an equitable remedy does not come into play. The court has no authority to allow a claim to property over the provisions of the Bankruptcy Code on the basis that such a claim is equitable. The Debtor's creditors did not harm Taisa. The motion to annul the automatic stay to fund the trust must be denied.