THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KERR-McGEE CHEMICAL CORPORATION, Defendant-Appellant.

Second District   No. 85—0992

Opinion filed May 5, 1986.

John C. Berghoff and Thomas P. Healy, Jr., both of Chadwell & Kayser, Ltd., of Chicago, and Peter J. Nickles and Theodore Voorhees, Jr., both of Covington & Burling, of Washington D.C., for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Anne L. Rapkin, Russell R. Eggert, and Roma Jones-Stewart, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE LINDBERG delivered the opinion of the court:

Defendant, Kerr-McGee Chemical Corporation (Kerr-McGee), appeals from the denial of a stay of proceedings by the circuit court of Du Page County. The stay was requested on the ground that primary

jurisdiction over the subject of this litigation rests with a Federal administrative agency, the Nuclear Regulatory Commission (the NRC). On appeal, Kerr-McGee argues that injunctive relief sought by plaintiff, the People of the State of Illinois (the State), is unavailable because it is preempted by Federal law or, alternatively, that the circuit court erred in denying a stay of proceedings. The State has moved to strike the portions of Kerr-McGee's brief addressing Federal preemption on the basis that it is beyond the proper scope of review in this interlocutory appeal under Supreme Court Rule 307 (87 Ill. 2d R. 307(a)(1)). The State's motion and Kerr-McGee's response were taken with the case. We grant the motion to strike portions of Kerr-McGee's brief; *sua sponte* strike those portions of the State's brief and Kerr-McGee's reply brief addressing the Federal preemption issue; and affirm the denial of the stay of proceedings.

Kerr-McGee owns a nonoperating facility in West Chicago which was used to process thorium, a radioactive element. The processing left wastes, including "mill tailings," which emit low levels of radiation. This suit and a pending proceeding before the NRC concern how Kerr-McGee should dispose of those wastes. The current complaint (considering both the first amended complaint and an amendment of that complaint labelled "Second Amended Complaint") contain 11 counts. The State alleges a variety of theories under which it claims to be entitled to relief pursuant to various Illinois statutes and the Illinois common law of nuisance. The State seeks an injunction requiring Kerr-McGee to remove all of the wastes in a manner approved by the Illinois Environmental Protection Agency and to dispose of the wastes "in accordance with all applicable law." The State also seeks a variety of civil penalties against Kerr-McGee and "such other and further relief as is appropriate under the circumstances." Counts I through IX are alleged to pertain only to "nonradioactive aspects" of the wastes, whereas counts X and XI concern radioactive air pollution alleged to come from the wastes.

Trial was scheduled to begin on February 4, 1986. Prior to that date, Kerr-McGee filed a motion for partial summary judgment or, alternatively, for a stay of proceedings. Summary judgment was requested with respect to the State's prayer for injunctive relief on the basis that the circuit court's jurisdiction to grant an injunction under State law had been preempted by Federal law. The alternative motion requested a stay of proceedings pending the conclusion of the NRC proceedings on the basis that the NRC had primary jurisdiction over the matter. Both motions were denied, and Kerr-McGee brings this interlocutory appeal as of right from the denial of the stay of proceed-

ings in the circuit court. 87 Ill. 2d R. 307(a)(1).

The first matter which must be resolved is the question of the scope of our review in this case. The specific question is whether the Federal preemption issue should be decided in this appeal.

■ Denial of a motion requesting a circuit court to stay its own proceedings is treated as the denial of an injunction, and so is appealable as of right, under Supreme Court Rule 307 (87 Ill. 2d R. 307(a)(1); *Allied Contracting Co. v. Bennett* (1982), 110 Ill. App. 3d 310, 311, 442 N.E.2d 326, 327.) Thus, this interlocutory appeal under Supreme Court Rule 307 is properly before this court.

■ The scope of review in an interlocutory appeal is ordinarily limited to determining whether the trial court abused its discretion in granting or refusing the requested interlocutory relief. (*Kellerman v. MCI Telecommunications Corp.* (1985), 134 Ill. App. 3d 71, 73, 479 N.E.2d 1057, 1059.) Exceptions to this limited scope of review have been recognized in two cases cited by Kerr-McGee in support of its contention that the Federal preemption question should be decided on this appeal. On appeal from the issuance of a temporary injunction, our supreme court considered a Federal preemption claim which constituted a challenge to the jurisdiction of the circuit court to enter the order appealed from. (*May Department Stores Co. v. Teamsters Union Local No. 743* (1976), 64 Ill. 2d 153, 355 N.E.2d 7; *Kellerman v. MCI Telecommunications Corp.* (1985), 134 Ill. App. 3d 71, 73-74, 479 N.E.2d 1057, 1059.) Recently, the appellate court, on appeal from the denial of a stay of proceedings in the circuit court, considered a Federal preemption claim which challenged "the trial court's jurisdiction to hear the causes pending before it." (*Kellerman v. MCI Telecommunications Corp.* (1985), 134 Ill. App. 3d 71, 74, 479 N.E.2d 1057, 1059.) The Federal preemption claim at bar does not challenge the jurisdiction of the circuit court to enter the interlocutory order appealed from, the denial of a stay of circuit court proceedings. While the claim does challenge the authority of the circuit court to enter the injunctive relief requested by the State, it does not challenge the jurisdiction of the circuit court to hear the cause or to grant the other relief requested by the State. Therefore, the interlocutory order appealed from will be reviewed to determine whether the circuit court abused its discretion in denying the stay of proceedings. The Federal preemption claim, which bears not on the propriety of the denial of the stay but rather on the nature of the relief which may be granted if the State prevails at trial, will not be decided at this time. If appropriate, the claim may, of course, be raised if an appeal is taken from the final judgment in this case. Accordingly, those portions of Kerr-

McGee's brief, the State's brief and Kerr-McGee's reply brief addressing the Federal preemption claim are stricken.

■ The issue raised by this interlocutory appeal is whether the circuit court abused its discretion when it refused to stay proceedings on primary-jurisdiction grounds. This case is, essentially, an action wherein the State seeks various forms of relief under this State's statutes and common law against a corporation alleged to be causing pollution. Kerr-McGee contends the circuit court should have stayed its proceedings pending the conclusion of NRC proceedings. In past pollution cases in this State defendants have contended circuit court proceedings should be stayed on primary-jurisdiction grounds pending the outcome of United States Environmental Protection Agency (EPA) proceedings. These contentions have been rejected. (*People ex rel. Scott v. United States Steel Corp.* (1976), 40 Ill. App. 3d 607, 352 N.E.2d 225; *Metropolitan Sanitary District v. United States Steel Corp.* (1975), 30 Ill. App. 3d 360, 332 N.E.2d 426, *cert. denied* (1976), 424 U.S. 976, 47 L. Ed. 2d 746, 96 S. Ct. 1482.) We believe that if it was no abuse of discretion in a pollution case to deny a primary-jurisdiction-based stay of proceedings where the EPA, the Federal agency most associated with elimination of pollution, was the agency concerned, it could not be an abuse of discretion in a pollution case to deny a stay of proceedings where the NRC was the agency involved.

It is important to emphasize the limited scope of what is decided in this case. There is some indication that it would be impossible to physically separate the radiological from the non-radiological hazards of the wastes. It may well be that the circuit court's authority to grant certain relief will turn out to be preempted under those circumstances. (See *Brown v. Kerr-McGee Chemical Corp.* (7th Cir. 1985), 767 F.2d 1234, *cert. denied* (1986), 475 U.S. ___, 89 L. Ed. 2d 604, 106 S. Ct. 1378.) We hold only that the Federal preemption claim is not before us in this interlocutory appeal and that the circuit court did not abuse its discretion in denying a stay of proceedings. No opinion is here expressed as to what relief may be granted if the State should prove its case against Kerr-McGee.

The order of the circuit court of Du Page County denying a stay of proceedings is affirmed.

Affirmed.

SCHNAKE and STROUSE, JJ., concur.