KERR–McGEE CHEMICAL CORPORATION, Plaintiff-Appellant,

v.

Neil F. HARTIGAN, Attorney General of the State of Illinois, Defendant-Appellee.

No. 86–1320.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 15, 1986.

Decided April 9, 1987.

Peter J. Nickles, Covington & Burling, Washington, D.C., for plaintiff-appellant.

Russell R. Eggert, Asst. Atty. Gen., Chicago, Ill., for defendant-appellee.

Before CUMMINGS and CUDAHY, Circuit Judges, and CAMPBELL, Senior District Judge.[*]

CUDAHY, Circuit Judge.

This case is the latest installment in a series of federal and state court lawsuits that concern the appellant's West Chicago Rare Earths Facility. It again raises, in a slightly modified form, the highly contentious issue of whose back yard will be the final resting place of wastes from the facility. In the current suit, Kerr-McGee

* Honorable William J. Campbell, Senior District Judge for the Northern District of Illinois, is sitting by designation.

Chemical Corporation ("Kerr-McGee") appeals the district court's refusal to enjoin a pending state court lawsuit. Kerr-McGee contends that a prior decision of this court, *Brown v. Kerr-McGee Chem. Corp.*, 767 F.2d 1234 (7th Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 1378, 89 L.Ed.2d 604 (1986), binds the State of Illinois and thus precludes the relief sought by the state in its state court suit. We hold that the district court correctly concluded that it did not have the authority under the Anti-Injunction Act, 28 U.S.C. § 2283 (1982), to enjoin the State of Illinois from seeking injunctive relief in state court.

## I.

Kerr-McGee and its predecessor companies used the West Chicago facility from the early 1930's until 1973 to produce various compounds derived from radioactive natural ores. These activities generated large quantities of solid and liquid wastes that emit low levels of radiation. Kerr-McGee stopped processing ores in 1973 but continues to possess and store the wastes at its West Chicago facility under license from the Nuclear Regulatory Commission (the "NRC"). The federal government, through the NRC, and the State of Illinois want to regulate the storage and eventual disposal of these wastes. The clash between the two levels of government has produced a number of proceedings in state and federal court and before the NRC; we provide a brief summary of these proceedings insofar as they are relevant to the dispute before us.

A July 1977 order of the NRC required Kerr-McGee to seek amendment of the license under which it operates the West Chicago site. Pursuant to this order, Kerr-McGee asked the NRC for permission to undertake onsite encapsulation, which was the company's preferred course of disposal of the wastes. This would mean leaving the wastes in their present location but covering and sealing them. In May 1983, the NRC issued its Final Environmental Statement ("FES"), which outlined eight alternative proposals and recommended that the wastes be encapsulated and stored

on the site for an indeterminate time period. The NRC, pursuant to the request of the Illinois Attorney General, authorized the Atomic Safety Licensing Board (the "ASLB") to hold a hearing on the FES. In October 1983, the licensing board determined, without a hearing, that the FES was facially inadequate. The NRC staff is presently drafting a supplement to the FES. The NRC anticipated that the supplement might be released in draft form in March 1987; the date of issuance of the final version of the supplement could not be estimated as it is dependent upon the extent and nature of the comments received on the draft supplement. Letter dated January 5, 1987 from NRC to ASLB panel. No hearings can be held before the licensing board until the final supplement is issued.

In addition to the proceedings before the NRC, a number of lawsuits involving the West Chicago facility have been appealed to this court. *See City of West Chicago v. Nuclear Regulatory Comm'n*, 701 F.2d 632 (7th Cir.1983); *Illinois v. Kerr-McGee Chem. Corp.*, 677 F.2d 571 (7th Cir.), *cert. denied*, 459 U.S. 1049, 103 S.Ct. 469, 74 L.Ed.2d 618 (1982). The prior federal court suit that is central to the dispute here is *Brown v. Kerr-McGee Chem. Corp.*, 767 F.2d 1234 (7th Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 1378, 89 L.Ed.2d 604 (1986). The plaintiffs in *Brown* were private citizens who owned land that abutted the West Chicago facility; among the relief they sought was an injunction under state law ordering Kerr-McGee to remove all hazardous wastes to some other location. *Id.* at 1237. Kerr-McGee argued that federal law preempted a state-law injunction, and the district court agreed that federal law preempted such relief. This court affirmed, holding that when "radiation and nonradiation hazards are inseparable, federal law preempts a state-law injunction ordering removal of the wastes." *Id.* at 1240.

The State of Illinois appeared in *Brown* as *amicus curiae* in support of the plaintiffs' position when that case was before us on appeal. The state also initiated its own suit in state court against Kerr-McGee on

April 28, 1980, seeking, *inter alia,* injunctive relief to require the removal and disposal of the industrial wastes located at the West Chicago facility in a manner consistent with state law. *Illinois v. Kerr-McGee Chem. Corp.,* No. 80 CH 298 (Cir.Ct.).[1] Following this court's decision in *Brown,* Kerr-McGee filed a motion for partial summary judgment in the state court action, contending that the state's request for injunctive relief was preempted by federal law. The state court denied Kerr-McGee's motion on October 25, 1985. Kerr-McGee then filed this suit in district court, seeking to enjoin Illinois from proceeding with its state court suit.[2] On January 28, 1986, the district court denied Kerr-McGee's motion for a preliminary injunction and granted the state's motion to dismiss. The court found that the state was not bound by *Brown,* and the court was therefore prohibited by the Anti-Injunction Act, 28 U.S.C. § 2283 (1982), from enjoining the state court suit. *Kerr-McGee Chem. Corp. v. Hartigan,* No. 85 C 10068, mem. op. and order (N.D.Ill. Jan. 28, 1986) ("mem. op.") [Available on WESTLAW, DCT database]. This appeal followed.

## II.

Kerr-McGee contends on appeal that the district court erred by failing to enjoin the state court proceeding. According to Kerr-McGee, the Anti-Injunction Act, 28 U.S.C. § 2283 (1982), clearly authorizes the district court to issue an injunction under the circumstances of this case. The Anti-Injunction Act provides:

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283 (1982). Kerr-McGee's position is that the third exception applies in this lawsuit: An injunction staying proceedings in the pending state court suit is necessary to "protect or effectuate" the prior decision of this court in *Brown* because the state is bound by the earlier judgment, and it is attempting to relitigate in state court the preemption issue decided in *Brown.* Appellant's Brief at 9. Kerr-McGee further argues that the district court has no discretion in this matter; if Illinois is bound by *Brown,* the court *must* issue an injunction. "When a federal court judgment concerns matters as to which federal law preempts state law, the Constitution *requires* that such friction be avoided." Appellant's Brief at 10 (citations omitted) (emphasis in original).

Under the Anti-Injunction Act, federal courts are absolutely prohibited from enjoining state court proceedings, unless the injunction falls within one of the three exceptions defined in the Act. *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Eng'rs,* 398 U.S. 281, 286, 90 S.Ct. 1739–42, 26 L.Ed.2d 234 (1970). The exception to "protect or effectuate its judgments" was added in 1948 to permit federal courts to enjoin litigation of matters finally adjudicated in federal court. *See Harper Plastics, Inc. v. Amoco Chems. Corp.,* 657 F.2d 939, 946 (7th Cir.1981); *Samuel C. Ennis & Co. v. Woodmar Realty Co.,* 542 F.2d 45 (7th Cir.1976), *cert. denied,* 429 U.S. 1096, 97 S.Ct. 1112, 51 L.Ed.2d 543 (1977); 17 C. Wright, A. Miller, E. Cooper,

---

1. The progress of the state suit was delayed by Kerr-McGee's unsuccessful attempt to have it removed to federal court. *Illinois v. Kerr-McGee Chem. Corp.,* 677 F.2d 571 (7th Cir.), *cert. denied,* 459 U.S. 1049, 103 S.Ct. 469, 74 L.Ed.2d 618 (1982).

2. Kerr-McGee also brought an interlocutory appeal of the state trial court's decision denying its motion for partial summary judgment and its alternative motion for a stay of proceedings pending the conclusion of the action before the NRC. The state appellate court did not reach the preemption issue because that claim was not within its limited scope of review in an interloc-

utory appeal. *Illinois v. Kerr-McGee Chem. Corp.,* 142 Ill.App.3d 1104, 1106, 97 Ill.Dec. 344, 346, 492 N.E.2d 1003, 1005 (2d Dist.1986). The appellate court also held that the lower court did not abuse its discretion in denying a stay of proceedings. 142 Ill.App.3d at 1107, 97 Ill.Dec. at 347, 492 N.E.2d at 1006. The case then proceeded to trial in state court. The trial has since concluded, and the parties have briefed the question whether that court should issue an injunction under state law compelling removal of the wastes from the West Chicago site. The state court has taken the case under advisement.

*Federal Practice and Procedure* § 4226, at 340–41 (1978). If a state court suit is an attempt to relitigate a claim that would be barred by *res judicata* or collateral estoppel if brought in federal court, an injunction may issue to preclude the state suit from proceeding. 17 Wright § 4226, at 343. The fundamental policy underlying both preclusion doctrines is that a " 'right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies. . . .' " *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970–973, 59 L.Ed.2d 210 (1979) (quoting *Southern Pacific R. Co. v. United States,* 168 U.S. 1, 48–49, 18 S.Ct. 18, 27–28, 42 L.Ed. 355 (1897)). To establish that Illinois' state court suit is an attempt to circumvent *Brown* and that an injunction therefore could issue, Kerr-McGee must show that the state is bound by *Brown* even though it was not a party to that suit.

"[A] person may be bound by a judgment even though not a party if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative." *Aerojet-General Corp. v. Askew,* 511 F.2d 710, 714 (5th Cir.) (citations omitted), *cert. denied,* 423 U.S. 908, 96 S.Ct. 210, 46 L.Ed.2d 137 (1975); *see also Chicago, R.I. & P.R. Co. v. Schendel,* 270 U.S. 611, 618, 46 S.Ct. 420, 423, 70 L.Ed. 757 (1926); *Robinson v. National Cash Register Co.,* 808 F.2d 1119, 1124 (5th Cir.

1987); *Southwest Airlines Co. v. Texas Int'l Airlines, Inc.,* 546 F.2d 84, 95 (5th Cir.), *cert. denied,* 434 U.S. 832, 98 S.Ct. 117, 54 L.Ed.2d 93 (1977).[3] The cases that have "preclude[d] relitigation by a nonparty have involved several factors in addition to apparently adequate litigation by a party holding parallel interests." 18 Wright § 4457, at 139 (1986 Supp.); *see* J. Moore, J. Lucas, T. Currier, *Moore's Federal Practice* ¶ 0.411[6], at 445–46 (2d ed. 1984).

Kerr-McGee argues that the state is bound by the earlier decision of this court because: (1) its interests are parallel to those of the private citizens (both allege the same harm and seek the same relief) and were adequately protected by the plaintiffs' litigation of that suit, and (2) the state's interest in litigating the preemption issue was adequately protected by its own participation in that suit as *amicus curiae* when that case was on appeal to this court. Appellant's Brief at 12–14.

■ We conclude that the state is not bound by the prior litigation and thus that enjoining the state court suit is not necessary "to protect or effectuate" our judgment in *Brown.* Generally, "individual litigation . . . does not preclude relitigation by the government." 18 Wright § 4458, at 520 (footnote omitted). *See, e.g., Durfee v. Duke,* 375 U.S. 106, 115–16, 84 S.Ct. 242, 247–48, 11 L.Ed.2d 186 (1963) (dictum); *Restatement (Second) of Judgments* § 37, at 372, comment b, illustration 2.[4] We agree

---

**3.** If the state is bound by *Brown,* it would be barred from relitigating the preemption issue on the basis of collateral estoppel, rather than *res judicata*:

> Preclusion of such nonparties falls under the rubric of collateral estoppel rather than res judicata because the latter doctrine presupposes identity between causes of action. And the cause of action which a nonparty has vicariously asserted differs by definition from that which he subsequently seeks to litigate in his own right.

*Montana v. United States,* 440 U.S. 147, 154, 99 S.Ct. 970, 974, 59 L.Ed.2d 210 (1979).

**4.** None of the cases cited by Kerr-McGee contradicts this general proposition. Only one of these cases involves the issue whether a governmental body is bound by a prior suit litigated solely by a private citizen. In *Montana v. United States,* 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d

210 (1979), the Court held that the United States was bound because it effectively controlled the first suit: The government required that the lawsuit be filed, reviewed and approved the complaint, paid the attorneys' fees and costs, directed the appeal within the state court system, appeared as *amicus curiae* in the state supreme court and directed the filing and the subsequent abandonment of an appeal to the United States Supreme Court. *Id.* at 155, 99 S.Ct. at 974. In contrast to the extensive participation of the United States in the initial suit in *Montana,* the State of Illinois merely appeared as an *amicus curiae* in *Brown* when that case was on appeal to this court. The state's participation falls considerably short of the degree of control the United States exerted over the litigation in *Montana.*

The other cases cited by Kerr-McGee involve a prior adjudication in which a public body was a

with the district court that Illinois, "representing the interests of the people of the state, [should not] be prevented from litigating an issue on behalf of the people merely because the issue has previously been litigated by private parties in an action to which the state was not a party." Mem. op. at 6–7. The plaintiffs in the first suit were individuals who lived near Kerr-McGee's waste facility; they were interested in averting or remedying the contamination of the land and water surrounding the facility insofar as it affected the use and enjoyment of their property. The neighbors wanted to keep the wastes out of their back yard. *See* Complaint ¶ 74(A), *Brown v. Kerr-McGee*, No. 82–1154 (Cir.Ct.), Appellant's Supp. App. at 65 (relief sought by parties included a mandatory injunction compelling "removal of all aforementioned contaminants, pollutants, nuisances and other hazardous materials from the subject premises to some other safe and distant location"). The state, on the other hand, is interested not only in improving the welfare of those who live around the facility but also with ensuring that the interests of the people of the State of Illinois as a whole are not adversely affected by the method ultimately selected to dispose of the wastes.

■ The state is also not bound simply by its appearance as an *amicus curiae* in *Brown* when that case was appealed to this court. Although a nonparty may be bound because of the control that it exerts over litigation, the degree of control justifying preclusion of a nonparty "should be enough that the nonparty has the actual measure of control or opportunity to control that might reasonably be expected between two formal coparties." 18 Wright § 4451, at 430 (footnote omitted). Participation as an *amicus curiae* does not provide the requisite degree of control. *See TRW, Inc. v. Ellipse Corp.*, 495 F.2d 314, 318 (7th Cir. 1974) ("TRW limited its role in the prior suit to observing the proceedings and to filing *amicus curiae* briefs. These are insufficient modes of participation to render applicable the doctrine of *res judicata.*") (citation omitted); *see also Adams v. Bell*, 711 F.2d 161, 197 n. 128 (D.C.Cir. 1983), *cert. denied*, 465 U.S. 1021, 104 S.Ct. 1272, 79 L.Ed.2d 678 (1984); *Munoz v. Imperial County*, 667 F.2d 811, 816 (9th Cir.) ("the filing of an amicus brief has never been enough to bind a non-party to the results of a proceeding"), *cert. denied*, 459 U.S. 825, 103 S.Ct. 58, 74 L.Ed.2d 62 (1982); 1B Moore ¶ 0.411[6], at 456–57.

### III.

■ Even if we found that the state was bound by *Brown* and thus that enjoining the state court suit would serve "to protect or effectuate" the earlier decision of this court, the Anti-Injunction Act does not *require* a federal court to issue an injunction under these circumstances. That Act only prescribes exceptions to the general prohibition against enjoining state court proceedings. If a case does not fall within one of the enumerated exceptions, a federal court *cannot* issue an injunction. *Atlantic Coast*, 398 U.S. at 287, 90 S.Ct. at 1743 (1969). On the other hand, if a statutory exception is triggered, the decision to issue an injunction lies within the discretion of the court:

[W]hen a federal court is asked to enjoin proceedings in a state court, the fact that the case falls within an exception to § 2283 does not "qualify in any way the principles of equity, comity, and federalism that must restrain a federal court

participant; the prior adjudication was then used to bind a governmental unit or a private party. *See Southwest Airlines Co. v. Texas Int'l Airlines, Inc.*, 546 F.2d 84 (5th Cir.), *cert. denied*, 434 U.S. 832, 98 S.Ct. 117, 54 L.Ed.2d 93 (1977); *Doe v. Ceci*, 517 F.2d 1203, 1204–05 (7th Cir. 1975); *Aerojet-General Corp. v. Askew*, 511 F.2d 710 (5th Cir.), *cert. denied*, 423 U.S. 908, 96 S.Ct. 210, 46 L.Ed.2d 137 (1975); *Berman v. Denver Tramway Corp.*, 197 F.2d 946 (10th Cir.1952).

"Private litigation may be precluded by public action, since 'governments are by their nature representative of the cumulative rights of private citizens.'" 18 Wright § 4458, at 521 (quoting *United States v. East Baton Rouge Parish School Bd.*, 594 F.2d 56, 58 n. 6. (5th Cir.1979)). "However, to assume that private individuals can properly be viewed as representative of a particular government is a more daring analytical leap." *East Baton Rouge*, 594 F.2d at 58 n. 6.

when asked to enjoin a state court proceeding."

17 Wright § 4226, at 347 (quoting *Mitchum v. Foster*, 407 U.S. 225, 243, 92 S.Ct. 2151, 2162, 32 L.Ed.2d 705 (1972)).

Contrary to Kerr-McGee's suggestion, Appellant's Brief at 10, the district court has discretion under the Anti-Injunction Act to refuse to issue an injunction even if the prior federal court judgment dealt with federal preemption of state law. This is especially true in this case because Kerr-McGee is not presently subject to (and may never be subject to) conflicting requirements under federal and state law. Kerr-McGee can raise the preemption issue as a defense in the pending state court suit, as it did when it made its motion for partial summary judgment. Relief from error in the trial court, if any, can hopefully be obtained through the state appellate courts and ultimately through appeal to the United States Supreme Court. *See Atlantic Coast*, 398 U.S. at 287, 90 S.Ct. at 1743 (1970).[5]

## IV.

Because we hold that the district court correctly concluded that it did not have the authority under the Anti-Injunction Act to enjoin the pending state court suit, we need not reach the state's claim that we should abstain from interfering with the state court suit under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

---

**5.** The state appellate court indicated that Kerr-McGee could raise its preemption claim if it takes an appeal from the final judgment of the trial court. *Illinois v. Kerr-McGee Chem. Corp.*, 142 Ill.App.3d at 1107, 97 Ill.Dec. at 347, 492 N.E.2d at 1006 (2d Dist.1986).

We also note that it is always open to Congress to adjust more definitively the balance between federal and state prescriptions in matters of waste disposal.