**634**

See also 789 F.Supp. 286.

OWENS–CORNING FIBERGLAS
CORPORATION, Plaintiff–
Appellant,

v.

George J. MORAN, in his official capacity
as Circuit Judge of Madison County,
Illinois, Defendant–Appellee,

and

M. Oveta Pickering, et al., Intervening
Defendants–Appellees.

No. 92–1625.

United States Court of Appeals,
Seventh Circuit.

Submitted March 19, 1992.

Decided March 24, 1992.

Steven P. Sanders, Raymond R. Fournie, Thomas B. Weaver, Armstrong, Teasdale, Schlafly, Davis & Dicus, St. Louis, Mo., for plaintiff-appellant.

Christine M. Giacomini, Office of the Atty. Gen., Springfield, Ill., for defendant-appellee.

Before BAUER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.

EASTERBROOK, Circuit Judge.

Four consolidated civil actions against Owens–Corning Fiberglas Corporation are under way in Illinois. The corporation filed this action under 42 U.S.C. § 1983 against the state judge. Having lost in the district court, Owens–Corning asks us to issue an injunction pending appeal and to expedite consideration of the appeal.

Details of the plaintiffs' claims in state court are unimportant, and we have cheerfully refrained from learning more than the basics. Before trial the plaintiffs invoked Ill.Sup.Ct.R. 237(b), Ill.Rev.Stat. ch. 110A ¶ 237(b), which provides in part: "The appearance at the trial of ... a person who at the time of trial is an officer, director, or employee of a party may be required by serving the party with a notice designating the person who is required to appear.... Upon a failure to comply with the notice, the court may enter any order that is just, including any order provided for in Rule 219(c) that may be appropriate." Rule 219(c) in turn provides for sanctions such as deeming a fact to be admitted or striking portions of the pleadings.

Plaintiffs in the consolidated actions demanded the appearance of four of Owens–Corning's employees: its Chairman and CEO, its chief financial officer, and two house counsel. Owens–Corning moved to quash the notice, contending that the court lacks personal jurisdiction over them (all four reside outside Illinois). On March 5 Judge Moran denied this motion, observing that the court has personal jurisdiction over Owens–Corning, which may tell its employees to attend. Without saying whether it would produce the employees or waiting to see what sanctions Judge Moran would impose should it not, Owens–Corning not only sought a peremptory writ from the Supreme Court of Illinois but also

filed this suit in federal court. The plaintiffs in state court intervened as defendants in the federal case. The Supreme Court of Illinois denied the application without explanation, and the federal court dismissed the suit.

The district court observed that only the Supreme Court of the United States may review a decision of a state court in civil litigation. *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), holds that carrying out a judicial decision does not independently violate the Constitution, so § 1983 does not permit a federal court to review that decision. See also *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). The district court denied the intervenors' request for attorneys' fees, stating that a court may not shift fees when the complaint does not establish federal jurisdiction. Because the intervenors have not filed a cross-appeal, we need not consider the propriety of that conclusion. See *Willy v. Coastal Corp.,* —— U.S. ——, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992); *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); *Szabo Food Service, Inc. v. Canteen Corp.,* 823 F.2d 1073 (7th Cir.1987). Cf. *Greening v. Moran,* 953 F.2d 301, 306–07 (7th Cir.1992).

While the district judge was considering the case, Owens–Corning informed Judge Moran that it would not produce the four officers. On March 16 the state judge responded by striking the firm's pleadings, so the ongoing trial is limited to damages. That same day, the federal judge orally denied Owens–Corning's request for an injunction and issued an opinion to that effect; the judgment was filed on March 17. Owens–Corning immediately appealed and sought emergency relief from us.

Whether the *Rooker–Feldman* doctrine applies to interlocutory decisions is an interesting question. The eighth circuit answered yes in *Keene Corp. v. Cass,* 908 F.2d 293 (1990), as did Justice Marshall, concurring in *Pennzoil Co. v. Texaco Inc.,* 481 U.S. 1, 23–27, 107 S.Ct. 1519, 1532–34, 95 L.Ed.2d 1 (1987), but the majority did

not decide the point, and our own *Lynk v. LaPorte Superior Court No. 2,* 789 F.2d 554 (1986), implies a negative answer. Owens–Corning attempts to skirt the *Rooker–Feldman* doctrine not only by observing that Judge Moran's decision is interlocutory but also by trumpeting that it began this case before he could impose any sanction—thereby making it clear, Owens–Corning insists, that its objection is to Rule 237(b) in the abstract, and not its application to a particular case. Four Justices concluded in *Pennzoil* that such a maneuver avoids the *Rooker–Feldman* doctrine. 481 U.S. at 18, 107 S.Ct. at 1529 (Scalia, J., joined by O'Connor, J., concurring), *id.* at 21, 107 S.Ct. at 1531 (Brennan, J., concurring), *id.* at 31 n. 3, 107 S.Ct. at 1536 n. 3 (Stevens, J., concurring). Of course suing the state judge, as Owens–Corning has done, undermines a claim that its grievance is unrelated to the judge's acts; Texaco at least had the decency to sue its antagonist and leave the state judges out.

Rather than attempt a problematic application of the *Rooker–Feldman* doctrine, we proceed as the Supreme Court did in *Pennzoil,* inquiring whether the plaintiff has adequately justified federal interference with ongoing state litigation. As in *Pennzoil,* the answer is no. The Anti–Injunction Act, 28 U.S.C. § 2283, blocks most interference with state litigation. Although § 1983 creates an exception to the full force of § 2283, see *Mitchum v. Foster,* 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972), a federal court must consider principles of federalism and comity before issuing an injunction. *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *Juidice v. Vail,* 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977). *Pennzoil* added a reminder that an inadequate remedy at law is an indispensable requirement in such cases, 481 U.S. at 10–11, 107 S.Ct. at 1525–26—meaning really *irreparable* injury, not the watered-down, hard-to-ascertain-injury standard that is taking its place in much of equity jurisprudence. See Douglas Laycock, *The Death of the Irreparable Injury Rule* (1991). See also *Diginet, Inc. v. Western Union ATS, Inc.,* 958

F.2d 1388, 1392–1394 (7th Cir.1992); cf. *Hickey v. Duffy,* 827 F.2d 234 (7th Cir. 1987).

Texaco could not establish entitlement to federal review, and its claim was easier to sustain in every respect than is Owens–Corning's. State law required Texaco to post a bond for $13 billion or suffer execution during appeal. Posting such a bond was impossible, the Court assumed. Texaco sought to challenge, not the merits of the judgment or any aspect of the procedure used to produce it, but the bond statute that made it hard (perhaps impossible) to obtain appellate review. Owens–Corning, by contrast, does not challenge a rule collateral to the merits of the litigation; it wants the federal court to consider a rule affecting the production of evidence in court, the implementation (or disregard) of which affects the outcome on the merits. Owens–Corning does not contend that any state law will frustrate its ability to obtain appellate review. If Texaco, staring at a $13 billion bond requirement that it could not meet, could not call on the federal courts to decide whether the state was entitled to make such a demand, Owens–Corning cannot hope to prevail.

Owens–Corning wants a federal court to beat the state's appellate courts to the punch. Yet litigants properly *in* federal court must wait patiently for review of a trial judge's orders. Just the other day we rebuffed an attempt to obtain interlocutory review of an order to submit to burdensome discovery. *Reise v. University of Wisconsin,* 957 F.2d 293 (7th Cir.1992). We reminded the aggrieved litigant that he could obtain review by refusing to comply and appealing the final judgment, which would incorporate any sanctions the judge deemed appropriate. Just so with Owens–Corning. It has already refused to comply. Once the court enters a final judgment, Owens–Corning may appeal and present to the appellate court, next the Supreme Court of Illinois, and eventually the Supreme Court of the United States, its contention that Rule 237(b) is invalid. It would be absurd, an inversion of appropriate principles of federalism, for this court to tell a state trial court in mid-trial what

evidence and sanctions are appropriate, while we will not issue such instructions within our own hierarchy of courts. Cf. *United States Catholic Conference v. Abortion Rights Mobilization, Inc.,* 487 U.S. 72, 108 S.Ct. 2268, 101 L.Ed.2d 69 (1988).

The only potential injuries to Owens–Corning from proceeding in the usual way are: (a) if Owens–Corning is right, reversal on appeal will lead to a new trial; (b) if Owens–Corning is wrong and Rule 237(b) is sustained, it will lose these cases even though, had it known of the error in its legal views, it would have produced its officers at trial. Potential injuries of this kind inhere in the final decision rule even within a unitary system of courts. Over and over, the Supreme Court says that the burdens and expenses of the legal process (including retrials) are not irreparable injury. E.g., *FTC v. Standard Oil Co.,* 449 U.S. 232, 244, 101 S.Ct. 488, 495, 66 L.Ed.2d 416 (1980); *Renegotiation Board v. Bannercraft Clothing Co.,* 415 U.S. 1, 24, 94 S.Ct. 1028, 1040, 39 L.Ed.2d 123 (1974); *Petroleum Exploration, Inc. v. Public Service Commission,* 304 U.S. 209, 222, 58 S.Ct. 834, 841, 82 L.Ed. 1294 (1938). *Reise* cites many related cases, and *PaineWebber Inc. v. Farnam,* 843 F.2d 1050 (7th Cir. 1988), holds that this principle is so entrenched that sanctions are in order when a litigant seeks urgent relief (such as a stay pending appeal) on the theory that the cost and travail of litigation are irreparable injury.

That there are costs of being right is an acceptable incident of an orderly legal system. That there are costs of being wrong—that Owens–Corning may pay damages if it stakes its all on its legal position and loses—is positively desirable, and a federal court should not interfere. The costs of being wrong induce litigants to consider their positions carefully and to persevere only when the probability of being vindicated is high (or the costs of compliance are exceptional). Arguable positions overflow in litigation, but most of them come to naught. Self-control in ad-

vancing legal positions is a prime objective of any system of adjudication.

Owens–Corning asks us to accelerate the consideration of its appeal. The motion for expedition is granted, and the judgment is affirmed. See *Mather v. Village of Mundelein*, 869 F.2d 356 (7th Cir.1989). The motion for an injunction pending appeal is denied as moot. The mandate will issue forthwith.