70 F.3d 1274
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John GOODLUCK, Plaintiff-Appellant,
v.
CITY OF CHICAGO, Defendant-Appellee.
 No. 95-1346.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 9, 1995.*
Decided Nov. 14, 1995.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 John Goodluck, a resident of Arkansas, petitioned the district court seeking damages and an injunction against on-going state proceedings. Based on the Younger doctrine and the Anti-Injunction Act, 28 U.S.C. Sec. 2283, the district court dismissed the claims seeking injunctive relief. The court also dismissed his damages claims, but without prejudice and with leave to file a second amended complaint. Goodluck instead filed his notice of appeal. The district court then entered its final order dismissing Goodluck's cause with prejudice.
 
 Jurisdiction
 
 2
 We first consider whether filing a notice of appeal before the final judgment and before the re-filing deadline defeats our jurisdiction under 28 U.S.C. Sec. 1291. Goodluck contends that the district court's conditional dismissal--a dismissal without prejudice to re-file--from which he appealed was an appealable order.
 
 
 3
 Appellate jurisdiction exists where a plaintiff files a premature notice of appeal before the final judgment but after the end of the conditional period, even if the conditional order does not specify when it becomes final. Otis v. City of Chicago, 29 F.3d 1159 (7th Cir.1994) (en banc) (finding "ripening language" not necessary to make a conditional order final and appealable). The factual difference between this case and Otis is that Goodluck filed his notice of appeal even before the date given for him to re-file an amended complaint. Although Otis limited its judgment to those cases where the notice of appeal is filed after the expiration of the conditional period, id. at 1168, we find this distinction does not preclude applying Otis here. Such an extension of Otis is consistent with the Federal Rules of Appellate Procedure which show no distinction between the situation here and that in Otis. Fed.R.App.P. 4(a)(2) (notice of appeal filed after announcement of a decision but before entry of judgment treated as filed after judgment entry). In Otis this court noted that the 1979 and 1993 amendments to the Federal Rules of Appellate Procedure were designed so that decisions could become final and appealable after their announcement or entry, even before the technical date of "finality." Id. at 1166. We also noted that there may be more than one opportunity to appeal. Id. In a situation like the one at present, the Supreme Court found that the appeal "was an election to waive the right to amend and the decree of dismissal took effect immediately." The Three Friends, 166 U.S. 1, 49 (1897), quoted in Otis, 29 F.3d at 1164. See also Shapiro v. UJB Fin. Corp., 964 F.2d 272, 278 (3d Cir.), cert. denied, 113 S.Ct. 365 (1992) (filing notice of appeal from conditional dismissal before expiration of conditional period ends district court jurisdiction and converts conditional order to an appealable order). Observing these principles, we have jurisdiction even though Goodluck filed his notice before the re-filing deadline.
 
 Background
 
 4
 Since the issues raised by Goodluck's appeal relate to whether a state proceeding was "pending," we summarize the factual and procedural background of this case. We accept as true the well-pleaded allegations of Goodluck's complaint. E.g. Family & Children's Ctr., Inc. v. School City of Mishawaka, 13 F.3d 1052, 1059 (7th Cir.), cert. denied, 115 S.Ct. 420 (1994). In February of 1992, Goodluck and Lubrichem, Inc. became joint assignees of an ownership interest in an Illinois parcel of land and appurtenant building. Neither Goodluck nor Lubrichem recorded their property interests. On March 3, 1993, the City of Chicago filed an abandonment petition against this property pursuant to 65 ILCS 5/11-31-1(d) (1992) in the Cook County Circuit Court. The City served summons on the known owners and served any unknown owners by publication. (R. at 8). On May 27, 1993, the circuit court entered an order declaring the premises abandoned and continued the matter until July 6, 1993. Id. Goodluck, an unknown owner, never appeared in the state proceedings and claims to have had no knowledge of them until March 2, 1994 when city inspectors visited the premises and told him of the pending order. On March 17, 1994, Goodluck filed suit in district court which is the subject of this appeal. Although Goodluck never actively participated in the state proceedings, the UAC Holding Corporation ("UAC"), of which Goodluck was vice-president, sought to intervene on October 3, 1994 and vacate the state court order but later withdrew upon discovering Goodluck's similar suit in district court. UAC's property interest resulted from its merger with Lubrichem, Goodluck's joint assignee of the subject property. UAC did not record the assignment with the Cook County Recorder of Deeds until September 23, 1994--sixteen months after the circuit court issued its initial abandonment order. Finally, on May 11, 1995, the circuit court entered a final order issuing a judicial deed to the City for the subject property.
 
 Analysis
 
 5
 This court reviews de novo the district court's decision to apply the Younger v. Harris, 401 U.S. 37 (1971) abstention doctrine to Goodluck's equitable claims, while an abuse of discretion standard of review applies to the dismissal based on the Anti-Injunction Act, 28 U.S.C. Sec. 2283. Trust & Inv. Advisors, Inc. v. Hogsett, 43 F.3d 290, 294 (7th Cir.1994). We review de novo the district court's dismissal of Goodluck's damages claims. Caldwell v. City of Elwood, 959 F.2d 670, 671 (7th Cir.1992).
 
 
 6
 Goodluck argues that the district court erroneously dismissed his claims because the parties' diverse citizenship entitles him to federal-court adjudication of his alleged property rights. Goodluck misunderstands that although diversity of citizenship is a valid basis for federal jurisdiction, it does not ensure federal adjudication of claims barred by an abstention doctrine. Moore v. Sims, 442 U.S. 415, 426 n. 10 (1979) (finding Younger abstention applicable even if a plaintiff alleges federal constitutional violations); Nelson v. Murphy, 44 F.3d 497, 501 (7th Cir.) ("The principle of Younger is that a party to a state proceeding affecting important governmental interests must resolve the dispute in the state's preferred tribunal.") (citing Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc., 477 U.S. 619 (1986)), petition for cert. filed, 63 U.S.L.W. 3908 (U.S. June 8, 1995) (No. 94-2053). Because Goodluck sought temporary and permanent injunctions against the state court abandonment proceedings and for an eviction order to invalidate the City's judicial deed, his claims clearly implicate Younger and the Anti-Injunction Act. See 22 U.S.C. Sec. 2283, Younger, 401 U.S. at 40-41.
 
 
 7
 Younger and its progeny mandate that federal courts abstain from issuing injunctions against an on-going state proceeding when (1) the federal action is filed during a pending state proceeding; (2) when that proceeding involves important state governmental interests; and (3) when the state proceeding provides the plaintiff an adequate opportunity to raise constitutional challenges. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431-32 (1982); Trust & Inv. Advisors, 43 F.3d at 295. This implicitly requires that the federal plaintiff be a party to the pending state court proceedings. Hoover v. Wagner, 47 F.3d 845, 848 (7th Cir.1995).
 
 
 8
 The issues raised in Goodluck's appeal implicate the first and third elements of the Younger doctrine. Goodluck claims that he did not have an adequate opportunity to raise his challenges in a pending state proceeding because the state did not make him a party and because he never intervened. He relies on Blair v. Comm'r, 538 F.2d 155, 158 (7th Cir.1976) wherein this circuit stated that a person is not bound by litigation to which he has not been made a party. This general proposition is not dispositive here since the record shows that Goodluck was a party. The City effected service of process upon Goodluck and thereby made him a party to the abandonment action when it published notice to all unknown owners pursuant to 65 ILCS 5/11-31-1(d). This statute specifically allows for service of process by publication as provided in 735 ILCS 5/2-206 for any action affecting property where the owner cannot be found upon due inquiry.[1]
 
 
 9
 Alternatively, Goodluck argues that because he did not appear in the state suit we should not consider him a party. He bases his argument on Chase Nat. Bank v. City of Norwalk, 291 U.S. 431, 440 (1934) ("The law does not impose upon any person absolutely entitled to a hearing the burden of voluntary intervention in a suit to which he is a stranger."). But Goodluck cannot be considered a stranger to the in rem state proceeding since constructive service of process upon a nonresident defendant in an abandonment proceeding against, or concerning specific property of, the defendant within the court's jurisdiction, will enable the court to render a decree which is binding upon such property. 65 ILCS 5/11-31-1(d). Moreover, Goodluck had a statutory duty to intervene in the state proceeding to protect his alleged interests. Id. Thus, Goodluck is bound as any party would be by a default judgment in a suit in which he could have intervened. See Hoover, 47 F.3d at 848.
 
 
 10
 In addition, as UAC's vice-president Goodluck could be found to have actively participated in the state suit when UAC moved to intervene. "[A] person may be bound by a judgment even though not a party if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative." Kerr-McGee Chem. Corp. v. Hartigan, 816 F.2d 1177, 1180 (7th Cir.1987) (citing Aerojet-General Corp. v. Askew, 511 F.2d 710, 714 (5th Cir.) (citations omitted), cert. denied, 423 U.S. 908 (1975)).
 
 
 11
 Goodluck also contends that Younger's "pending state action" element was not met since he filed his federal action after the circuit court's May 27, 1993 preliminary abandonment order. We reject this argument.[2] The proceedings were still pending even after Goodluck filed his federal claim when UAC moved on October 3, 1994 to intervene in the state action. The circuit court order did not become final until May 11, 1995 when the court issued the judicial deed to the City. The issuance of this final order also did not open the door to federal court. Goodluck must exhaust his state appellate remedies before seeking relief in the district court. Juidice v. Vail, 430 U.S. 327, 337 (1977); Huffman v. Pursue, Ltd., 420 U.S. 592, 608 (1975); Nelson, 44 F.3d at 502. Because Goodluck apparently did not give the Illinois courts an opportunity to adjudicate his property rights or constitutional claims, and because Goodluck cannot demonstrate that the Illinois courts were not then open to adjudicate his claims, Younger abstention is required. Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 18 (1987). This result is not changed by the fact that Goodluck may have waited too long to appeal the circuit court ruling. Id. at n. 16. A party cannot escape Younger abstention by failing to assert its state remedies in a timely manner. Id. (citing Huffman, 420 U.S. at 607); Nelson, 44 F.3d at 502 (barring plaintiffs from challenging treatment plan in federal court when they made no objection to it in the state tribunal). Thus, we also reject Goodluck's argument that a state remedy must now be available to him in order for this court to affirm.
 
 
 12
 The district court also ruled based on the Anti-Injunction Act, 28 U.S.C. Sec. 2283, which statutorily prohibits a federal court from enjoining on-going state proceedings. Our previous analysis shows that the state proceedings were pending. Moreover, none of the three exceptions to the Act apply: federal courts may enjoin state proceedings if injunctions are expressly authorized by Congress, if they are necessary in aid of the federal court's jurisdiction, or if necessary to protect or effectuate federal judgments. 28 U.S.C. Sec. 2283. Thus, we find no abuse of discretion in the district court's dismissal of Goodluck's equitable claims based on this statutory abstention doctrine. Owens-Corning Fiberglas Corp. v. Moran, 959 F.2d 634, 636 (7th Cir.1992) (applying Anti-Injunction Act where plaintiff failed to show exhaustion of state remedies); Pelfresne v. Village of Williams Bay, 965 F.2d 538, 541 (7th Cir.) (refusing to enjoin enforcement of state court demolition order under Anti-Injunction Act where purchaser had exhausted his state appeals but failed to show diligence or good faith), cert. denied, 113 S.Ct. 493 (1992).
 
 
 13
 Goodluck's amended complaint also sought damages based on violations of his rights to due process, equal protection, and to freedom from unconstitutional takings under the Fifth Amendment. Goodluck does not dispute the constitutionality of the abandonment statute itself or its enforcement. Rather, Goodluck asserts that the City of Chicago acted in violation of constitutional law, or in excess of its authority--by failing to personally notify him and for supporting its abandonment petition with "phony claims." (R. at 11, Am.Compl. p 12). He could have made these claims in state court. We have noted that "[i]f a single wrong leads to both equitable relief and damages, judges of the circuit courts are empowered to provide both remedies." Nelson, 44 F.3d at 502. Thus, Goodluck was obliged to assert his damages claims along with his equitable claims in the circuit court. See Deakins v. Monaghan, 484 U.S. 193 (1988); Nelson, 44 F.3d at 502.
 
 
 14
 Accordingly, we AFFIRM the judgment of the district court.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No statements were filed. Accordingly, the appeal is submitted on the briefs and the record
 
 
 [1]
 The factual background indicates that the City satisfied its due inquiry since Goodluck's property interest was not publicly recorded until well after the state suit commenced and since the property was not used or was deserted for some period of time. In any case, the state appellate court would have had jurisdiction to determine whether the City was diligent in ascertaining Goodluck's ownership
 
 
 [2]
 If we accept Goodluck's argument then the Rooker-Feldman doctrine bars this action for lack of jurisdiction. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); Wright v. Tackett, 39 F.3d 155 (7th Cir.1994) (noting that federal district courts lack jurisdiction under the Rooker-Feldman doctrine to review claims "extricably intertwined" with a state-court decision)